## HOADLEY v. HADLEY, EXECUTOR, ET AL.

DECEDENTS' ESTATES.—*Witness.*—In an action by an executor to foreclose a mortgage executed to his testator, another mortgagee filed a cross bill alleging that his mortgage was first delivered, though bearing date subsequent to the other, and offered the mortgagor as a witness to prove the time of the delivery of the respective mortgages.

*Held,* that he was properly excluded. 3 Ind. Stat. 560, sec. 2.

MORTGAGE.—*Delivery of.*—A mortgage takes effect from its delivery, and not from its date, when not then delivered.

SAME.—*Interest of Mortgagor's Wife.*—*Priority.*—Where a husband and wife execute several mortgages of the husband's land, to different persons, and she executes them at different dates, the mortgage she first executes will have priority as to her interest in the land in case she survives the husband.

From the Hendricks Circuit Court.

*J. G. Adams, T. J. Cofer, J. V. Hadley,* and *J. S. Ogden,* for appellant.

*L. M. Campbell,* for appellees.

Downey, J.—This was an action by Nicholas T. Hadley, executor of the will of Simon T. Hadley, deceased, against James L. Kyte and wife and William J. Hoadley and others, to foreclose a mortgage executed by Kyte and wife to the plaintiff's testator. There were other defendants, who were made parties because they held incumbrances on the mortgaged premises. But as no question is made in which they are interested, they need not be further noticed.

The mortgage of the plaintiff bears date the 12th day of January, 1872, was acknowledged and certified on the 15th of the same month, and recorded the 18th day of March, 1872.

William J. Hoadley, the appellant, who also held a mortgage executed by Kyte and wife, on the same premises, set up his mortgage in a cross complaint. His mortgage bears date January 13th, 1872, was acknowledged and certified on the same day, and recorded on the 16th day of the same month.

On the trial of the cause, the question of fact about which the parties disputed was as to the time of delivery of the mortgages, and which was prior in delivery. There was no question but that the mortgage of the appellant was delivered at its date, the 13th day of January, 1872. But it was insisted by the appellant that the mortgage to Hadley, deceased, was not delivered until the 15th day of January, 1872, the day on which it was acknowledged and certified by the notary.

The court, after hearing the evidence, found that the mortgage to Hadley was prior in execution, refused a new trial, and rendered judgment.

The refusal of the court to grant a new trial is the error assigned. Two questions arise under this assignment:

The defendant Hoadley offered as a witness, on the trial of the cause, the mortgagor, Kyte, and, on objection by the plaintiff, he was excluded by the court. This ruling was

according to the letter of the statute, and we are not prepared to say that it is not also in accordance with its spirit. 3 Ind. Stat. 560, sec. 2, first proviso. Counsel for appellant refer to *Upton* v. *Adams*, 27 Ind. 432, where a distinction is made between parties to the record and parties to the issue. We are not convinced that we should, on account of that case, rule otherwise than we do on this question.

The other question relates to the sufficiency of the evidence. A mortgage takes effect from its delivery, and not from its date, when not then delivered. The evidence relating to the time of delivery of the mortgage to Hadley was that of the notary, which was all the evidence on the subject, and was as follows:

"Am a notary public; am the same Thomas Nicholas who took the acknowledgment of James L. Kyte and wife to their mortgage to Simon T. Hadley, deceased; was acquainted with Simon T. Hadley, deceased, and am acquainted with his handwriting; the mortgage of Kyte and wife to Simon T. Hadley is in the handwriting of Simon T. Hadley; on the 15th day of January, 1872, Simon T. Hadley handed me the mortgage and asked me to call upon Kyte and wife and take their acknowledgment; I called at Kyte's house; I don't remember now whether James L. Kyte had signed the mortgage when Hadley handed it to me or not; I think the mortgage was handed me by Mr. Hadley to take to Kyte's; my impression is strong that it was signed by Kyte at the time I got it from Hadley, and by Mrs. Kyte afterward, at the time I took the acknowledgment; but my impression is strong that his wife had not; that she signed it on the 15th day of January, 1872, at their house in my presence; and my impression is that James L. Kyte signed it at the same time and place, but am not sure; the ink used in writing the signature of Kyte and wife is the same, and different from the ink used in composition of the mortgage; both Kyte and wife acknowledged the execution before me on the 15th day of January."

We are of the opinion that this evidence did not justify the finding of the court, that the mortgage to Hadley, so far as

the wife is concerned, whatever may be the case as to Kyte himself, was executed prior to the 15th of January, 1872, the day on which it was acknowledged. The evidence as to the time of its execution by Kyte is inconsistent, and there could be no satisfactory finding either way upon it alone. First, the witness says, " my impression is strong that it was signed by Kyte at the time I got it from Hadley ;" and then he is of the impression that he signed it at the same time and place with his wife, which was at Kyte's house, on the 15th of January.

We think, under this evidence, the court should not have found that the plaintiff had priority over the defendant, so far as the interest of the wife of the mortgagor was concerned. On this point counsel for appellees urges the following views :

" We next submit a remark or two on the subject of, and in response to, what is said in appellant's brief about the incompleteness of appellee's mortgage until signed by the wife of Kyte. As Kyte and his wife are both still in life, and as the wife signed and acknowledged both mortgages, and further, as she is not individually indebted or responsible to either party for any amount, she cannot affect or be affected by the case in any way. Her signature does not and did not affect the question of priorities. Nor did nor does her signature affect either mortgage as against Kyte himself. Either mortgage would be good as against him without her signature, and neither is any better as to him because of her signature. So we think the claim that appellee's mortgage was incomplete or imperfect until she had signed it utterly absurd. If Kyte were to die before his wife, or if he had died before the suit, it could have made no difference. Having joined in both mortgages, it is immaterial to her which she signed first. And she not being the debtor in either case, it is immaterial to the creditors, because there can be no question of priority as to her.

" The wife's signature to a deed or mortgage adds nothing to the title conveyed, but merely operates as an estoppel against her, and prevents her from asserting any interest in the land in the event that she survives her husband, and being

estopped as to all parties it is unimportant as to the date of the acknowledgments."

We think these views are not tenable. It is possible that it may be immaterial to the wife which of the mortgages she signed first. But this is not the question in the case. It seems to us that the question which she executed first is quite material as between the two mortgagees. It is not possible that the plaintiff's mortgage can have priority over that of the defendant, so far as the wife's interest is concerned, when it was executed last by her. The plaintiff was not entitled, so far as the defendant is concerned, to have his mortgage declared a prior lien on the interest of the wife. If the wife should not survive the husband, this interest would amount to nothing. . But if she should survive him, it would amount to one-third of the land. On this interest, the defendant was entitled to the priority of lien, whatever may be the case as to Kyte.

The judgment is reversed, with costs, and the cause remanded for a new trial.