### Graves *v.* Braden.

Mortgage.—*Husband and Wife.—Encumbering Wife's Inchoate Interest in Lands.—Sheriff's Sale.—Descents.— Foreclosure. — Conveyance.*—Where a judgment debtor and his wife, by a duly recorded mortgage, executed in either the ordinary form or as a deed absolute on its face, convey to a creditor, to secure the payment of a debt, lands of the debtor which are subject to the lien of a personal judgment against him, she thereby encumbers her inchoate interest in such lands ; and, though such lands be subsequently conveyed by the sheriff to the assignee of the certificate of a sheriff's sale of the same on an execution issued on such judgment, and also by a conveyance by such debtor and his wife, one-third of such lands are, on the death of the debtor, subject to foreclosure under such mortgage.

From the Shelby Circuit Court.

*O. J. Glessner* and *N. L. Wray,* for appellant.

*G. M. Wright, F. Wright* and *W. W. Spencer,* for appellee.

Graves *v.* Braden.

PERKINS, J.—Suit to foreclose a mortgage.

The complaint alleges, that on the day of its date Albert G. Hanks and Eliza M. Hanks, his wife, executed the following deed :

" This indenture witnesseth, that Albert G. Hanks and Eliza M. Hanks, his wife, of Shelby county, in the State of Indiana, convey and warrant to Charles C. Graves, in Boone county, in the State of Kentucky, for the sum of seven thousand five hundred dollars, the receipt whereof is hereby acknowledged, the following real estate in Shelby county, in the State of Indiana, to wit :

" The east half of the south-east quarter of section thirty-one (31), in township eleven (11) north, of range eight (8) east ; also the west half of the south-west quarter of section thirty-two in township eleven (11) north, of range eight (8) east, containing one hundred and twenty-five acres more or less, excepting the cemetery or burying-ground on said land.

" In witness whereof the said Albert G. Hanks and Eliza M. Hanks, his wife, have hereunto set their hands and seals this eighth day of August, A. D. 1867.

" U. S. S. $7.50.      ALBERT G. HANKS. [SEAL.]
                 " ELIZA M. HANKS. [L. S.] "

This deed was acknowledged and recorded.

On the 10th of August, 1867, said Albert G. Hanks executed his note to Graves as follows :

" One day after date I promise to pay to Charles C. Graves three hundred and thirty-five dollars, for value received, waiving valuation or appraisement laws.

                     "ALBERT G. HANKS."

The complaint avers, that it was agreed by the parties that said deed should operate as a mortgage to secure the payment of said sum of money, which it is alleged is due and unpaid.

The complaint further avers, that, on the 6th of March,

1867, being prior to the execution of the above mortgage deed to Graves, " one Samuel Hamilton recovered a judgment against Hanks and others in Shelby Common Pleas Court for $1,061 ; and on the day and in the court aforesaid said Hamilton recovered another judgment against Hanks and others for the sum of $602.50.

" That afterward, on May 3d, 1868, executions were issued on these judgments and delivered to the sheriff who sold the first of the above described tracts of land on the 27th of June, 1868, to one Sidener, and the other named tract to the said Hamilton, and executed to them certificates of purchase for the lands so sold, who afterward transferred their certificates of purchase to this appellee, Braden.

" That on the 12th of October, 1869, Hanks and his wife executed their joint deed of conveyance to Braden for all the real estate in question ; and on May 3d, 1870, the sheriff, by virtue of his said sale, executed to Braden a deed of conveyance for the same.

" That afterward, on the — day of ——, 1870, Hanks died, leaving him surviving his wife, Eliza M. Hanks.

" Averment of plaintiff that the undivided one-third of this real estate is subject on said mortgage to the payment of the said debt, and he demanded judgment for the sum of $600 and the foreclosure of the mortgage on the undivided third part of the real estate and sale thereof, or so much thereof as may be necessary to pay said debt and for all other proper relief.

" Copies of note and mortgage deed filed with complaint.

" The appellee filed his demurrer to the complaint, alleging that the same did not state facts sufficient to constitute a good cause of action.

" The court sustained the demurrer, to which ruling of the court the appellant at the time properly excepted.

"Appellant assigns for error in this cause the ruling of

the court in sustaining the demurrer to the amended complaint.

" The question here presented is, could the wife of Hanks, at the time of the execution of the mortgage to Graves, incumber her inchoate interest in her husband's real estate, there being at that time a judgment lien on the same ? "

As a general proposition, a wife ·at law can not convey by her separate deed to a stranger her contingent interest, given to her by the law, in the real estate of her husband, in the lifetime of her husband. *Edwards* v. *Varick*, 5 Den. 664; *Marvin* v. *Smith*, 46 N. Y. 571; *Malloney* v. *Horan*, 49 N. Y. 111 ; *Elmendorf* v. *Lockwood*, 57 N. Y. 322 ; *Stover* v. *Eycleshimer*, 46 Barb. 84; *Marvin* v. *Lewis*, 61 Barb. 49 ; *Bayler* v. *Commonwealth*, 40 Pa. State, 37 ; *Blain* v. *Harrison*, 11 Ill. 384. But she may relinquish it to the grantee of her husband by joining with him in the deed to such grantee.

In the present case, the husband executed a mortgage upon his lands to secure a debt owed by him. The lands were incumbered by a judgment lien, but this fact did not prevent the execution of such mortgage. The wife joined 'in the execution of the mortgage, thereby releasing to the mortgagee her inchoate right in the lands.

After the sale of the lands by the sheriff, Hanks and wife joined in a deed of them to Braden, the defendant and appellee in this suit, on what consideration does not appear. A year after this conveyance to Braden, said A. G. Hanks departed this life, leaving his wife, said Eliza M. Hanks, him surviving.

As said A. G. Hanks, the husband, did not die seized of the lands, his widow, said Eliza M., did not take any interest in them by descent, *May* v. *Fletcher*, 40 Ind. 575 ; but she took what interest she did take, if any, under section 27 of the act relating to descents, 1 R. S. 1876, p. 413, which differs materially from section 17 of said act, which

provides for the descent absolutely to the widow of a portion of the land of which the husband died seized, in this : that said section 27 enacts that the widow shall be entitled to one-third of the lands of which her husband was seized in fee-simple at any time during the marriage, " and in the conveyance of which she may not have joined, in due form of law." Alexander v. Herbert, 60 Ind. 184.

The question now arises, did one-third of the lands in question vest in said Eliza M. Hanks on the death of her husband, or did her joinder in the mortgage and deed above mentioned extinguish her inchoate right in the land ?

As Eliza M. Hanks survived her husband, the sale of the real estate of her husband by the sheriff on the Hamilton judgments, which were a lien only upon her husband's interest in said lands, did not affect her right to one-third of said real estate upon the decease of her husband. She had joined with him in a valid mortgage of that third of said real estate to Graves, the appellant. That mortgage had not been paid, or in any way satisfied, but remained in full force as against the mortgagors ; and, on the death of her husband, it became a lien on the one-third interest in said lands, which, on her husband's death, vested in her. The lien became, by that event, enlarged from one on the inchoate interest of the wife to one on the consummate interest of the widow in one-third of said real estate. Hoadley v. Hadley, 48 Ind. 452. Her subsequent joinder in the deed to Braden did not operate to divest the right of Graves under the prior mortgage.

It is suggested that the conveyance recorded appeared to be an absolute deed and not a mortgage. This fact does not weaken the claim of Graves, and in no way aids the appellee. If the conveyance was an absolute deed, then Graves, on the death of Hanks, the husband, became vested with the fee-simple of the whole of the land conveyed by the deed subsequent to the Hamilton judgments, which

bound only the interest of the husband, as Braden well knew, the wife having joined in said deed after the rendition of said judgments. It may be observed that by the statute the wife became vested with the title to one-third of the land of her husband in the conveyance of which she had not joined, etc. But, in case she had so joined, the grantor in such conveyance became vested with the title to the one-third which would have vested in the widow, but for her joinder in such conveyance.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.