JACKMAN ET AL. *v.* NOWLING.

PARTITION.—*Husband and Wife.— Wife's Inchoate Interest Under Act of 1875, Subject to Mortgage Liens.—Statute Construed.*—Under the provisions of section 1 of the act of March 11th, 1875, "vesting the inchoate interests of married women in the lands of their husbands when the title of the husband therein has been divested by certain judicial sales," etc , 1 R. S. 1876, p. 554, the wife takes the same interest in the lands of her husband upon such sales that she would have taken therein, without the above statute, upon the death of her husband leaving her surviving him, under the provisions of section 27 of the statute of descents. She takes such interest free from all the demands of the general creditors of her husband, but not free from prior conveyances thereof, by way of mortgages, executed by her and her husband in due form of law. As to such mortgage debts, the wife's one-third interest is bound for its proportionate part thereof, as much so after the title thereto has vested in her as it was while such title remained in her husband, and in making partition such mortgages must be taken into account and considered in the division to be made.

From the Parke Circuit Court.

*T. N. Rice, J. L. Johnston* and *A. F. White,* for appellants.

*G. W. Collings,* for appellee.

Howk, C. J.—This was a suit by the appellee, against the appellants, to obtain the partition of certain real estate, particularly described, in Parke county, Indiana. In her complaint, the appellee alleged, in substance, that she was the owner in fee-simple of the undivided one-third part of said real estate; that the appellants were the owners in fee-simple of the undivided two-thirds part of said real estate, and they and the appellee were entitled to the possession thereof; that a judgment was obtained in the Parke Circuit Court, on the      day of      , 187 , against Martin Nowling, for $      , and costs; that, at the date of said judgment, the said Martin Nowling was, ever since had been, and still was, the husband of the appellee, Sarah Nowling; that said judgment was rendered in favor of Herman Hulman and Robert S. Cox, who caused an execution to be issued thereon, directed to the sheriff of Parke county; that, by virtue of said execution, the said sheriff levied on the real estate described in said complaint, and advertised and sold the same, according to law, to said Hulman and Cox, on the 16th day of December, 1876, and issued to them a certificate of said sale, in proper form; that afterward, on the      day of      , 1877, the said certificate was assigned to the appellants, and, after the expiration of one year from the date of said sale, the said real estate not having been redeemed therefrom, the sheriff executed a deed of said real estate to the appellants; and that, by these facts, the appellee and the appellants had acquired their respective titles as aforesaid to the said real estate. Wherefore, etc.

To this complaint the appellants answered in two affirmative or special paragraphs. The appellee moved the court in writing to strike out a certain specified part of said answer, which motion was sustained by the court and to this decision the appellants excepted. The appellee then demurred, for the want of sufficient facts, to the

second paragraph of said answer, which demurrer was sustained by the court, and to this ruling the appellants excepted.

A trial of the cause was had by the court, which resulted in a finding that the appellee and the appellants were the owners of the real estate described in the complaint, substantially as alleged therein, and an interlocutory judgment for the partition of said real estate between the said parties, according to their respective interests therein as found by the court; and commissioners were appointed to make such partition, in accordance with said judgment, and report the same to the court. Afterward the said commissioners made, and acknowledged in open court, their written report of the partition of said real estate, made by them under said judgment; to which report the appellants filed two exceptions in writing. The appellee moved the court to strike out the second exception to said report, which motion was sustained, and to this decision the appellants excepted. They then withdrew their first exception; and thereupon the court approved the commissioners' report and rendered judgment confirming the partition therein made, and from this judgment this appeal is now prosecuted.

In this court, the appellants have assigned, as errors, the following decisions of the circuit court:

1. In sustaining appellee's motion to strike out certain parts of the second paragraph of their answer;

2. In sustaining appellee's demurrer to the second paragraph of their answer; and,

3. In sustaining appellee's motion to strike out their second exception to the commissioners' report of partition.

It will be seen from the allegations of the appellee's complaint, a full summary of which we have given in this opinion, that she has founded her right to the immediate partition of the real estate in controversy, and to have her

share thereof set off to her in severalty, upon the provisions of an act of the General Assembly of this State, entitled "An act vesting the inchoate interests of married women in the lands of their husbands when the title of the husband therein has been divested by certain judicial sales, providing for the possession thereof, and the descent of such vested estate, and matters connected with such sales," approved March 11th, 1875. Acts 1875, p. 178; 1 R. S. 1876, p. 554. We do not understand that the appellants or their counsel controvert, in any manner, the appellee's title to an interest in the real estate described in her complaint, or her right to an immediate partition thereof and to have her interest therein set off to her in severalty, under the provisions of the above entitled act. We may properly remark, however, in this connection, although the question is not made in this case, that in the recent case of *Taylor* v. *Stockwell*, 66 Ind. 505, it was held by this court, that the above entitled act was a constitutional and valid law; and we adhere to that decision.

For the purpose of showing the question in controversy between the appellants and the appellee, in this case, we deem it necessary to give a statement of the facts shown by the record, and in regard to which the parties and their respective counsel do not disagree. Prior to the 29th day of May, 1875, Martin Nowling, the husband of the appellee, was the owner in fee-simple of all the real estate described in appellee's complaint, and thereafter continued to be such owner until the said real estate was sold and conveyed by the sheriff to the appellants, as alleged in said complaint. While such owner, the said Martin Nowling and the appellee, as his wife, on May 29th, 1875, executed a mortgage to the State of Indiana, for the use of the school fund, on a certain part of said real estate, to secure the payment of said Martin's note for $150.00, due in one year to said school fund. Afterward, on July 15th, 1875, while such owner, the said

Martin Nowling and the appellee, as his wife, executed another mortgage to the State, for the use of its school fund, on a certain other portion of said real estate, to secure another note of said Martin Nowling for $200.00, for the use of said school fund. After the execution of said two mortgages, the said Hulman and Cox obtained their judgment against the said Martin Nowling alone, under which the appellants acquired their title to the whole interest of said Martin alone in all of said real estate, to wit, the two parcels mortgaged as aforesaid to the State, and the residue of said real estate, not embraced in or covered by the said mortgages, or either of them. Of the real estate described in appellee's complaint, it appears from the record, that 27.83 acres were covered by the first mortgage to the State, and 20 acres were described in the second mortgage, and that the remainder of said real estate, containing about 19 acres, was unincumbered at the time said Hulman and Cox obtained their said judgment against said Martin Nowling.

Upon these facts, which are not controverted by either party, the appellants' counsel say: "Although the appellee is claiming partition under the act of 1875, she can only take by virtue of and under the 27th section of the statute of descents. Under that section, she would be entitled to one-third of the land, in the conveyance of which she had not joined; but, as she had previously joined in conveyances, by way of said mortgages, of portions of said realty to the school fund, she cannot claim that the appellants must pay all of said incumbrances." On the other hand, it is insisted on behalf of the appellee, that she is entitled to the same interest or share in the real estate, under the facts of this case, that she would have taken therein, if her husband, Martin Nowling, had died, and she were suing as his widow. Her attorney says: " The appellee claims that two-thirds of the land shall first be applied to the payment of the school fund mortgages, and that, after

they are paid, the remainder of the two-thirds goes to the appellants; and that she is entitled to one-third, freed from the incumbrances." In other words, the appellee claims that, under the provisions of the above entitled act of March 11th, 1875, and the facts of this case, she became fully invested with precisely the same share or interest in the lands described in her complaint, which, if her husband had died, would have descended to her, as his widow, under section 17 of the statute of descents, "free from all demands of creditors." 1 R. S. 1876, p. 411.

It is manifest from the record of this cause, that the decisions of the circuit court, complained of as errors by the appellants in this court, were founded upon the same construction of the statutes, bearing upon the question, which the appellee has insisted upon as the measure of her rights and interests in the real estate in controversy. If that construction of those statutes is right, then the decisions complained of were not erroneous; but, if that construction was wrong, then the court erred in the rulings assigned as errors, and the judgment below ought to be and must be reversed.

In section 1 of the aforesaid act of March 11th, 1875, it is provided "That in all cases of judicial sales of real property, in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act and not otherwise." *Supra.* There can be no doubt, we think, that, under these provisions of

the statute, the appellee took precisely the same interest in the lands described in her complaint, upon the execution of the sheriff's conveyance thereof to the appellants, that she would have taken therein without the statute, upon the death of her husband leaving her surviving him, under the provisions of section 27 of the statute of descents. She took such interest in said lands free, no doubt, from all the demands of the general creditors of her husband, but not free, as we construe the statutes, from the prior conveyances thereof, by way of mortgages, executed by her and her husband in due form of law. In the parcels of said lands covered by said mortgages to the State, for the use of its school fund, it seems to us, that the appellee's undivided one-third part thereof was clearly bound for its proportionate part of the mortgage debts, as much so after the title thereto had vested in her, as it was while such title remained in her husband.

It was absolutely necessary to a just and equitable partition of the real estate between the appellants and the appellee, that the school fund mortgages should be taken into the account and considered in the division to be made. The mortgages were not the personal debts of either the appellants or the appellee; but, of the lands covered thereby, the appellee's interest therein was as much bound for the payment of a proportionate part of the mortgages thereon, as was the appellants' interest therein. We are of the opinion that the court erred in this case in refusing to consider these school fund mortgages, and in failing to ascertain the amounts due thereon respectively, and in not directing the commissioners appointed to make the partition, in accordance with the interlocutory judgment therefor, that they must take into the account, in making such partition, the amounts due on the said mortgages. The appellee, whether she is to be regarded as taking under section 17 or section 27 of the statute of descents, can not take her interest or share of the lands, freed from the liens

of the mortgages thereon, in the execution of which she had joined with her husband; but in any event, and under either section of the statute of descents, she is bound to take her share or interest in the lands, either with regard to the value of the lands after deducting from such value the amount of said mortgage liens, or else she must take one-third of each of the mortgaged parcels of said lands, subject to its proportionate part of the mortgage thereon, and one-third only of the unincumbered parcel of said lands. In either of these modes, as it seems to us, the appellee would get precisely what she is entitled to, and no more, namely, one-third of the actual value of all the lands conveyed by the sheriff to the appellants, after deducting from the value of said lands the amount of the said mortgage liens thereon, where she had joined with her husband in the execution of the mortgages.

We are of the opinion, therefore, that the court clearly erred in its rulings upon the appellants' answers in this case, both in sustaining the appellee's motion to strike out parts of the answer, and in sustaining the demurrer to the second paragraph thereof. In their answers, the appellants set up the said school fund mortgages, in the execution of which the appellee had joined with her said husband, Martin Nowling; and they asked, as they had a right to do, that these mortgages should be taken into account and considered in ascertaining and arriving at the appellee's interest in or share of the lands described in her complaint.

The interlocutory and final judgments herein are reversed and set aside, at the appellee's costs, and the cause is remanded, with instructions to overrule her motion to strike out parts of the answer and her demurrer to the second paragraph thereof, and for further proceedings in accordance with this opinion.