Haggerty v. Byrne *et al.*

No. 8217.

## HAGGERTY v. BYRNE ET AL.

REAL ESTATE.—*Mortgage.—Bankruptcy of Mortgagor.—Assignee's Conveyance to Mortgagee.—Inchoate Interest of Mortgagor's Wife Vested.—Descent at Her Death.*—In an action to foreclose a mortgage, a cross complaint of the husband, his wife being dead, alleging that the mortgagee procured and accepted a conveyance from his assignee in bankruptcy for his two-thirds of the land, and claiming to hold the one-third vested in his wife and inherited by him at her death free of the mortgage, is insufficient on demurrer.

SAME.—*Descent to Husband.—Interest of Wife Subject to Mortgages.*—Where the husband inherits the wife's one-third interest acquired by her under the act of March 11th, 1875, 1 R. S. 1876, p. 554, he inherits it, as she took and held it, subject to mortgages that were liens.

SAME.—*Assignee's Deed not Satisfaction.*—An assignee's deed to the mortgagee does not in equity operate to satisfy the mortgage, but implies that the land would not more than satisfy it, and the mortgagee's acceptance does not imply an intention that the mortgage shall be merged in the fee.

SAME.—*Case Distinguished.*—In such case, an acceptance of a deed for two-thirds will not release the remaining one-third of the mortgaged land, unless such be the plain intention at the time, and upon foreclosure the holder of the one-third may not claim to have the two-thirds first sold. *Medsker* v. *Parker*, 70 Ind. 509, distinguished.

BANKRUPTCY.—*Liens Preserved.*—A discharge in bankruptcy releases the bankrupt from his covenants, but all liens valid at the inception of the proceedings are preserved, and may be enforced.

PRACTICE.—*Foreclosure.—Directions for Sale.—Motion in Supreme Court.*—Where, upon judgment of foreclosure, a motion was made for directions as to the sale of property, and such directions were given as the equities of the parties demanded, there was no error; but a motion for such directions can not be first made in the Supreme Court.

From the Vigo Circuit Court.

*S. C. Davis, S. B. Davis* and *C. F. McNutt,* for appellant.

*W. Mack* and *J. G. Williams,* for appellees.

BICKNELL, C. C.—This was a suit by the appellee John Byrne against the appellant and his wife and Thomas Parsons, upon two promissory notes, made by the appellant and

secured by mortgages executed by the appellant and his wife. Thomas Parsons was made a defendant as a junior judgment creditor of the appellant. The complaint demanded judgment upon the notes and foreclosure of the mortgages. By the death of the appellant's wife, the suit as to her was abated. The appellant filed a cross complaint, in two paragraphs, to each of which the appellee demurred, "for the reason that the same did not contain facts sufficient to constitute a cross complaint." Said demurrers were sustained by the court, and the appellant excepted. He refused to answer further. The appellee Thomas Parsons filed an answer, and the cause was submitted to the court for trial. The court found for the appellee, and rendered judgment in his favor for the amount of the notes and interest, and for the foreclosure of the mortgages.

The errors assigned by the appellant are, that the court erred in sustaining said demurrers. The first paragraph of the cross complaint admits the execution and the maturity of the mortgages, and alleges that, after their execution, the appellant was duly declared a bankrupt, and that all of his estate became vested in his assignee in bankruptcy ; that his wife was then living, and that she thereby became the owner of one undivided third of the mortgaged land ; that, while she was such owner, said assignee in bankruptcy, by the order of the court which declared the bankruptcy, conveyed to the appellee all the right, title and interest in said mortgaged lands, vested in him as such assignee ; that such order was procured by the appellee ; that afterward the appellant's wife died seized of said undivided one-third of said lands, which, by her death, became vested in the appellant ; that the value of the said two-thirds so conveyed to said appellee by said assignee was greater than the debt secured by said mortgages, and that said conveyance was made for the nominal consideration of one dollar, and was really made to appellee as such mortgagee ; that appellant is still seized of

the estate thus vested in him upon his wife's death, and that one of the objects of appellee's suit is to foreclose as to such estate. Wherefore appellant prays that said mortgages, as to said undivided one-third, be declared satisfied, and that his title thereto be quieted, and that his said interest be set off and assigned to him, and for all other proper relief.

The second paragraph of the cross complaint differs from the first, in alleging that the order to convey the mortgaged land to the appellee was procured by the appellee "and by said assignee," and in averring the execution of another mortgage, by the appellant to the appellee, upon a part of the same land embraced in one of the mortgages sued on, and that said third mortgage is not due, and that said conveyance, by the assignee in bankruptcy to the appellee, was made in payment of all of said mortgages, severally, and upon no other consideration, and that the value of said two-thirds, so conveyed to the appellee, exceeds the amount of the incumbrances thereon respectively, and that, by said conveyance, said mortgages have all been paid to the extent of the value of two-thirds of said lots respectively, and that they ought to be declared satisfied, or, if not fully paid, they ought to be declared satisfied to the extent of the value of the two-thirds so conveyed. In this paragraph appellant makes the mortgages sued on a part of his cross complaint, referring to them as they appear on certain lines and pages of the complaint, and he annexes a copy of said mortgage not yet due, and prays that an account be taken, and that, if the value of the interest so conveyed to the appellee by the assignee in bankruptcy be equal to or greater than the mortgage debts, then said mortgages, as to him and said undivided one-third, be declared satisfied, and that, if the value of said interest be not sufficient to pay said mortgages, then said mortgages, as to appellant's said undivided one-third of the lands, be foreclosed as to such deficiency only. This paragraph concludes with a prayer that said un-

divided one-third "be partitioned" and set off to the appellant, and for all other proper relief.

The act of March 11th, 1875, 1 R. S. 1876, p. 554, provides that, in all cases of judicial sales of real property, in which a married woman has an inchoate interest by virtue of her marriage, and such inchoate interest is not directed by the judgment to be sold, or barred by such sale, such interest shall become absolute and vest in the wife, in the same manner and to the same extent as such inchoate interest now becomes absolute upon the death of the husband, whenever, by virtue of such sale, the legal title of the husband shall become vested in the purchaser thereof. Sec. 1. The same act, in section 3, provides that, upon the death, during the marriage, of a wife holding such real estate, it shall descend to her surviving husband.

In *Roberts* v. *Shroyer*, 68 Ind. 64, it was held that the conveyance of the bankrupt's property to the assignee by the register is a judicial sale within the meaning of said act of March 11th, 1875, and that the inchoate interest of the wife, in the lands of her bankrupt husband, becomes absolute, and is vested in the wife immediately upon the conveyance to the assignee ; but it is also held that, where a wife joins in a mortgage, she has no inchoate interest in the land that can be asserted against the mortgage. *Kissel* v. *Eaton*, 64 Ind. 248 ; *Jackman* v. *Nowling*, 69 Ind. 188. Under the act of March 11th, 1875, the wife undoubtedly takes as a purchaser, and if she dies seized, during the marriage, the land descends to her husband as her heir. *May* v. *Fletcher*, 40 Ind. 575. He inherits it, to hold just as she held it, subject to the mortgage. The wife of the appellant, having joined in the mortgages, afterward, by operation of law became the owner in fee, in her own right, of an undivided one-third of the mortgaged land ; but the conveyance of the land by the assignee in bankruptcy to the mortgagee did not, in equity, operate as a satisfaction of the mortgage. Although,

as a general rule, when the mortgagee acquires the fee simple of the mortgaged land the mortgage is thereby merged in the fee, yet, in equity, the mortgage will always be kept alive, if the mortgagee desires it and if it be necessary to protect any of his interests, unless he agreed or intended to abandon it. In this case, if the mortgaged lands had been deemed to be of more value than the mortgaged debts, they could not have been conveyed by the assignee in bankruptcy to the appellee. The theory of that conveyance was that the lands would not more than satisfy the mortgages. In such a case, the acceptance of the conveyance by the mortgagee does not show an intention in him that the mortgage shall be merged in the fee.

When the wife, by virtue of her statutory connubial rights, acquired one-third of the land in fee, she took it subject to the mortgage, in which she had joined. The fact that, by operation of law, her inchoate interest was changed into a consummate interest, did not satisfy the mortgage as to her one-third of the land. Under the act of March 11th, 1875, *supra*, she took one-third absolutely as if her husband were dead, but it was not discharged from the mortgage. In *Graves* v. *Braden*, 62 Ind. 93, the following is the language of the court: "She had joined with him in a valid mortgage of that third of said real estate to Graves, the appellant. That mortgage had not been paid, or in any way satisfied, but remained in full force against the mortgagors; and, on the death of her husband, it became a lien on the one-third interest in said lands, which, on her husband's death, vested in her. The lien became, by that event, enlarged from one on the inchoate interest of the wife to one on the consummate interest of the widow in one-third of said real estate. *Hoadley* v. *Hadley*, 48 Ind. 452."

In the case at bar, the husband, who took, by descent, the same estate held by his wife, has no greater right than she had. It is claimed, however, that, although the wife,

in such a case, can·not have satisfaction of the mortgage as to her one-third, yet she may be entitled, in equity, to an order that the mortgagee shall first sell the other two-thirds of the land, and it is said that her case resembles that of a purchaser of one-third of mortgaged premises, who could always compel the mortgagee to sell first the other two-thirds, of which the title remained in the mortgagor; but the difference is, that such purchaser is not bound by any lien created by himself, while the wife is so bound, and a discharge in bankruptcy does not impair liens which were valid at the inception of the proceedings.

In the case of *Jackman* v. *Nowling, supra,* this court held that a wife takes her interest under section 1 of the act of March 11th, 1875, free from all demands of the general creditors of her husband, but not free from prior convey- ances thereof by way of mortgage, executed by her and her husband in due form of law ; as to such mortgage debts, the wife's one-third interest is bound for its proportionate part thereof, as much so after the title has vested in her, as it was while such title remained in her husband, and, in mak- ing partition, such mortgages must be taken into account and considered in the division to be made. This case is exactly in accordance with the case of *Graves* v. *Braden, supra.*

In the subsequent case of *Medsker* v. *Parker,* 70 Ind. 509, Parker and wife made a mortgage to secure Parker's debt. The note and mortgage came, by assignment, to the plaintiff, who had also become the owner of the mortgaged lands, by conveyance from a person who had bought them at a sale under an execution issued on a judgment against Parker. By virtue of that sale, one-third of the land had become vested in Parker's wife, under the act of March 11th, 1875, and it had been set off to her in a partition suit. The plaintiff, holding the note and mortgage, and owning two-thirds of the mortgaged land in fee, brought suit against Parker and wife for foreclosure, and prayed that the interest

of Parker's wife might be first sold to satisfy the debt. It appeared that the two-thirds of the land held by the plaintiff were more than sufficient in value to pay the entire mortgage debt, and, also, the entire judgment on which the land had been sold.

Upon the facts above stated, the plaintiff clearly had no right to claim that any part of the mortgaged land should be sold separately; his right was that the whole land should be sold to satisfy the mortgage. The court therefore rendered a decree for the foreclosure of the mortgage. The plaintiff then moved for an order that the interest of Parker's wife be first sold; this motion was overruled, and the court ordered that the estate of the plaintiff be sold first, and that the interest of Parker's wife should not be sold unless the estate of the plaintiff should prove insufficient to pay the mortgage debt. This court, on appeal, held that the foregoing order of the court below was right, referring to *Newcomer* v. *Wallace*, 30 Ind. 216; *Hunsucker* v. *Smith*, 49 Ind. 114, and *Perry* v. *Borton*, 25 Ind. 274. In this last case, it was held that the right of the widow is absolute against creditors, unless, by joining with her husband in a mortgage, she has waived it, and that even then the waiver can operate only in favor of the mortgagee. The other two cases referred to merely affirm the general doctrine, that, where a decedent's estate is incumbered by a mortgage, the heirs and the widow can compel payment of the mortgage out of the personal estate, if there be any.

It is evident that the case of *Medsker* v. *Parker*, *supra*, was decided upon the manifest equity of its peculiar circumstances, and that it ought not to be extended beyond the circumstances to which it was applied, and that it does not in any degree impair or change the general doctrine established in *Graves* v. *Braden*, *supra*, and *Jackman* v. *Nowling*, *supra*. It decides only that where, upon a judgment of foreclosure, a motion is made for directions as to the

sale of the property, and such directions are given as the equities of the parties demand, there will be no error in such directions.

It will be observed that no such motion was made in the court below in the present case, and it can not be made for the first time here. Even if the wife of Haggerty, while living, had such an equity as is claimed by her husband in the case at the bar, it by no means follows that when, by act of law, her one-third of the land is cast upon him, he can claim the same equity. When a man without title, or with an incomplete title, mortgages land; his subsequent acquisition of a better title inures to the benefit of the mortgagee, who may still foreclose his mortgage as to all the land, notwithstanding that the mortgagor has acquired a new and more perfect title to part of it. In such a case, the mortgagor has no right to claim that the mortgagee shall first sell on foreclosure, the remainder of the land before resorting to the part covered by the new title. The new title is considered as vested in the mortgagor in the same manner as if he held it when the mortgage was executed, Jones Mortgages, secs. 561, 679, 825, 1483, 1656, and cases there cited. Where, as in Indiana, the mortgage is regarded as a mere lien, the rule just stated rests upon the principle that the mortgagor is estopped by his covenants. The mortgage in the present case contained full covenants of warranty. It has been suggested that as the discharge in bankruptcy releases the bankrupt from his covenants, therefore he is not bound by the estoppel; but the rule is, that all liens are preserved in bankruptcy, except such as violate some provision of the bankrupt act, and a mortgage lien is not preserved, where the rights of the mortgagee in enforcing it are in any way diminished or impaired. *Truitt* v. *Truitt*, 38 Ind. 16; *Pierce* v. *Wilcox*, 40 Ind. 70.

In *Bush* v. *Person*, 18 How. 82, it was held that the

bankrupt law of 1841, which, as to liens, contained substantially the same provisions as the bankrupt law last in force, does not annul the bankrupt's personal covenant of warranty so as to relieve him from the estoppel. The court said: "The purpose of the legislature to afford complete and effectual protection to mortgage titles, against anything which was to be done under the act, and the broad. and strong terms in which this purpose is expressed, require us to say, that the debtor can not derive from the act an enabling power to do or assert anything which will impair a mortgage otherwise valid. Nor is there any incongruity with established principles, in holding that the personal discharge of the debtor does not free him from the estoppel." An estoppel may exist without any personal liability. *Van Rensselaer* v. *Kearney*, 11 How. 297. So, in the case of *Stewart* v. *Anderson*, 10 Ala. 504, the court said in reference to the bankrupt act: "The rights and remedies of the mortgagee * were wholly unaffected by it, and that the relation of the parties remains undisturbed."

It follows that the court below committed no error in sustaining the demurrer to the first paragraph of the cross complaint.

Nor was there any error in sustaining the demurrer to the second paragraph of the cross complaint.

In this paragraph the appellant, alleging that some of the land is covered by a third mortgage, executed by him to the appellant, and not yet due, avers that the two-thirds, conveyed by the assignee in bankruptcy to the appellant, are of equal or greater value than all the mortgage debts; therefore he asks that an account be taken, and that, if his allegations be true, then the mortgage be declared satisfied as to his one-third, or that, if the value of the two-thirds be found less than the amount of all the mortgage debts, then the mortgage be foreclosed, as to his one-third, to the extent of such deficiency only.

Both of these paragraphs rest upon the proposition, that when a mortgagee becomes the owner in fee of two-thirds of the mortgaged land, then his remedy upon the mortgages as against the mortgagor shall be confined to said two-thirds, either absolutely, as the first paragraph of the cross complaint demands, or subject to an accounting, as the second paragraph demands. In such a proposition, there is neither law nor equity. The mortgagee, in return for his money, received mortgages on the entire property, the mortgages being due and unpaid; the mortgagee has legally and equitably, as against the mortgagors, a right to foreclose as to all the property. No authority need be cited to show that the mortgagee, by taking the fee of part of the mortgaged property, will not cause a merger of the entire mortgage; and will not cause the remedy of the mortgagee to be confined to the part so taken in fee, unless such be the plain intention at the time. If no intention appear, equity considers the mortgage as outstanding or extinguished, as the interest of the mortgagee may require. *Howe* v. *Woodruff*, 12 Ind. 214, and cases there cited. The opinion of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and the same is hereby, in all things affirmed, at the costs of the appellants.