No. 9060.

## LEARY v. SHAFFER ET AL.

MARRIED WOMAN.—*Mortgage.*—*Bankrupt.*—*Judicial Sale.*—Where a wife joins her husband in executing a mortgage of his lands to secure his in-

| | |
|---|---|
| 79 | 567 |
| 126 | 421 |
| 79 | 567 |
| 129 | 462 |
| 79 | 567 |
| 133 | 263 |
| 79 | 567 |
| 148 | 290 |
| 79 | 567 |
| 162 | 276 |
| 79 | 567 |
| 168 | 127 |
| 168 | 128 |
| 168 | 136 |

debtedness, and then he is adjudged a bankrupt, whereby her inchoate third of his lands becomes absolute under the statute, it is her right,. upon foreclosure of the mortgage, to have a decree that the other two-thirds be first sold, if it appear that such two-thirds is of value sufficient to discharge the debt. (The case also construes an order entered by the bankruptcy court, for which see opinion.)

From the Hancock Circuit Court.

*T. S. Rollins, G. W. Stubbs* and *M. Marsh,* for appellant..

*J. A. New* and *C. E. Barrett,* for appellees.

ELLIOTT, C. J.—On the 11th day of October, 1877, the appellant joined with her husband in the execution of a mortgage upon real estate to the Indiana National Bank to secure a debt owing to the bank by him. This mortgage passed by assignment to the appellee Shaffer, who instituted an action of foreclosure in 1878, and in October of that year secured a decree. Sale was made on the decree and the appellees New and Shaffer became the purchasers. Prior to the commencement of the foreclosure suit, the husband was adjudged a bankrupt and all of his property conveyed to an assignee. The assignee was not made a party to the foreclosure suit, but the appellees, after their purchase at the sheriff's sale, filed a petition in the United States District Court against the assignee and the appellant's husband, praying an order directing the execution of a conveyance to them. An order was entered granting the prayer of the petition and directing that the petitioners Shaffer and New should appear to any petition which might be filed by the appellant in the Hancock Circuit Court and consent that the proceedings in foreclosure should be opened and reviewed. The facts detailed were set forth in a petition or complaint filed by the appellant, and by an amendment subsequently made she alleged that she is the owner of the one undivided third part of the land ; that the land is of the value of $9,750 ; that two-thirds of the land is amply sufficient to pay the mortgage debt and will sell for a sum sufficient to pay it, and that she executed the mortgage as the surety of her husband.

The court below sustained a demurrer to the complaint, and upon this ruling error is assigned.

The Hancock Circuit Court had jurisdiction of the subject-matter of the foreclosure suit, but as the assignee in bankruptcy had succeeded to the equity of redemption of the bankrupt mortgagor the judgment was void as to him, because he was not a party to the action. This was so adjudged, upon the appellee's petition, by the district court, and is the declaration of a familiar rule of law. It has been many times decided by this court, that the owner of the equity of redemption must be made a party defendant to the action to foreclose, or no valid decree can be rendered. The district court had jurisdiction of the bankrupt and his estate, and had authority to make the order which the petition of the appellees induced it to enter, and in doing this did not disregard any valid judgment of a State court. This judgment of the United States Court can not be collaterally questioned. It follows, therefore, that the order made by the district court sending the case to the circuit court is valid and effective, and that, as the circuit court possessed general jurisdiction of the subject-matter of the foreclosure suit, it had authority to consider and determine the right of the appellant to relief from the original judgment of foreclosure.

It is urged that Mrs. Leary was not a party to the proceeding in the Federal court, and can not take the benefit of its judgment. The appellees are not in a situation to push aside her rights in defiance of an order made upon their own petition. Their decree was invalid because the owner of the equity of redemption was not a party to the foreclosure suit. They asked the court having jurisdiction in bankruptcy matters to validate it. This request the court granted, but upon designated terms, and upon these terms the appellees must accept the relief awarded them or not at all. They can not avail themselves of the benefit of the order, and disregard the conditions upon which it was granted.

This is not an ordinary bill of review. The district court

directed the appellees to consent to a judicial investigation of the rights of the appellant. This direction was made upon the appellees' petition invoking the aid of that court, and it was made a condition of the relief granted them, that they should consent to an investigation. This was the conclusive judgment of the court to which appellees had appealed, and, as that judgment can not be impeached, it fetters them. If the district court had jurisdiction, as unquestionably it had, to order the assignee to either convey or abandon the mortgaged property, it had power to settle all incidental matters. Appellees, having secured that judgment, must abide by it, not merely as to so much of it as pleased them, but to the whole judgment, the bitter as well as the sweet.

The inchoate right of the appellant in the lands of · her husband was transformed into a vested one by the conveyance to the assignee in bankruptcy. *Ketchum* v. *Schicketanz*, 73 Ind. 137; *McCracken* v. *Kuhn*, 73 Ind. 149; *Roberts* v. *Shroyer*, 68 Ind. 64; *Lawson* v. *DeBolt*, 78 Ind. 563. The mortgage which she had joined in executing became a lien on this vested interest. *Graves* v. *Braden*, 62 Ind. 93; *Hoadley* v. *Hadley*, 48 Ind. 452. Where the wife's interest is merely inchoate when the mortgage is executed, but afterwards becomes vested, the lien is fastened upon the greater estate. This must necessarily be so, for the inferior estate disappears when the greater comes into existence.

When the right to enforce the mortgage matured, the wife's interest was a distinct and vested one. She had a right to partition against others than the mortgagee, for it is shown by the cases first cited, that, upon the conveyance to the assignee in bankruptcy, the rights of the wife became so fixed as to entitle her to have one-third of the land set off to her in severalty. The interest she then acquired would make the land her own separate property, not, of course, divested of the lien of the mortgage, but as against all other persons than the mortgagee.

It is settled that a wife who executes a mortgage upon her separate property for her husband's debt is to be regarded as

a surety.    An author, justly praised for his accuracy, says: "A wife who has mortgaged her separate property for her husband's debt is in the position of a surety, and her liability and the mortgage lien is discharged by the extension of time of payment without her consent, if the extension be a binding obligation upon the mortgagee." 1 Jones Mortgages, sec. 114.  The same principle is laid down by Brandt, in his work on Suretyship.  But this principle does not fully meet the question here presented, for the property was not the wife's when the mortgage was executed, and in such cases a different rule obtains, and the wife is not a surety.    Brandt Suretyship, section 22.    As the appellant was not a surety when the mortgage was executed, her rights can not grow into those of a surety as against her mortgagees.    We can not, therefore, regard her as a surety in the strict sense of the term, although she surely does occupy a position closely analogous to that of a surety.

The wife undoubtedly has some equity even while her right is purely an inchoate one.    This is so or a long line of decisions must be overthrown, for it has been held again and again that she may redeem from the mortgage.    The rule goes further; she must be made a party to the action of foreclosure even where the mortgage is for purchase-money or her right to redeem is not barred.    *May* v. *Fletcher*, 40 Ind. 575.    Is this equity strong enough to entitle her to require the mortgagee to first offer for sale the part of the land in which she has no interest, before resorting to that in which she has an interest?    In other words, is she not entitled to an order requiring two-thirds of the land to be offered for sale before offering the whole?    If analogous cases are followed to their logical results, there can be no difficulty in declaring that the wife has a right to an order requiring two-thirds of the land to be first offered for sale, where it appears, as it does here, that the two-thirds will be amply sufficient to discharge the indebtedness.    But it is said this question is settled the other way by our own adjudications.    The cases referred to as being decisive of this question are *Haggerty* v.

*Byrne,* 75 Ind. 499, and *Jackman* v. *Nowling,* 69 Ind. 188;. The first of these cases decides that the wife is not entitled to have the land freed from the mortgage, and in this follows the second of the cases cited. So that all that really is adjudicated by either of these cases is, that the interest of the wife still remains subject to the mortgage. In neither of these cases was the question the same in principle or in effect as that which we have here. It must be constantly borne in mind that there is here no attempt to free the land from the mortgage lien, no claim that the appellees have not a right to a foreclosure, no assertion of title adverse to the mortgagees. What is asked, and all that is asked, is, that the decree shall direct the appellees to first offer for sale the two-thirds of the lands. The cases cited do not decide the question which here confronts us, and we are free to seek and declare a rule which will do equity and secure justice.

It has been already demonstrated that the wife has some equity even while her right is purely inchoate, and it only remains to enquire and determine whether it is strong enough to secure the relief she seeks. In *Perry* v. *Borton,* 25 Ind. 274, a widow claimed that an administrator should use assets in his hands to pay off a mortgage in which she had united with her husband in executing, and her claim was enforced. The case of *Newcomer* v. *Wallace,* 30 Ind. 216, declares a like doctrine; and so does, in a very emphatic way, the case of *Hunsucker* v. *Smith,* 49 Ind. 114. Very strongly in point is the case of *Medsker* v. *Parker,* 70 Ind. 509, wherein it is held, that, where the interests of husband and wife have been severed, the interest of the former in the mortgaged property should be decreed to be first sold.

If it be true, as counsel think, that the language in *Haggerty* v. *Byrne* discredits the holding in the case under direct mention, then the language is not approved; but we do not think the interpretation placed upon it by counsel is quite correct. The latest case upon this subject, that of *Bales* v. *Hunt,*

77 Ind. 355, is in full harmony with the principle declared in *Medsker* v. *Parker.*

It is said by an author already quoted, that "Moreover she" (the wife) "is entitled to have her estate exonerated out of the estate of her husband if this be practicable. When he has mortgaged or pledged his own property for the same debt, his property should in the first instance be applied to satisfy the mortgage." 1 Jones Mortgages, sec. 114. According to the admitted allegations of the complaint, it is practicable to exonerate the wife's estate by selling the husband's, and it is equitable to do this, for the debt is his, not hers.

If the whole mortgaged premises had been sold, and a surplus had remained after full satisfaction of the mortgage, the wife would have been entitled to her share of the surplus. In such cases the surplus is real property if sale is made after her rights vest. *Dunning* v. *Ocean Nat'l Bank,* 61 N. Y. 497, and cases cited. It is well settled that a surviving wife of a deceased mortgagee has an interest in the equity of redemption, but that she must share in the burden of redeeming. 2 Jones Mortg., sections 1693 and 1694; 1 Jones Mortg., section 666. This is so because she has an estate in the land, and, if she has this, can any reason be imagined why she should not be allowed to compel at least an offer to sell the estate which belongs to another, even though that other is the estate of her deceased or bankrupt husband? If she is entitled to a share of the surplus, she certainly has a right in the first instance to preserve her own estate, by having that belonging to another first offered for sale. It is a familiar rule, often lauded and frequently applied, that where there are two parcels of land of one of which a third person has become the purchaser since the execution of a mortgage, or where one of two parcels covered by the same mortgage is owned by a surety, the mortgagee may be compelled to first offer for sale that in which the mortgagor retains his interest. The principle upon which that rule is grounded applies to a case like the present.

The right of the wife is not to assert title against the mort-

gagee, but to assert a right to redeem. *Kissel* v. *Eaton,* 64 Ind. 248. It is nevertheless a substantive right, carrying with it some equities, and we think the equities are of strength sufficient to entitle her to have an order incorporated in the decree directing an offer to be first made of the husband's interest in the land. In asking such an order, she neither impugns the validity of the mortgage nor lessens the mortgagee's security; for, if the two-thirds will not sell for a sum sufficient to pay the mortgage, then the remainder must be sold.

No legal injury can result to the mortgagee if part of the land will satisfy the debt. He has no right to the land; he holds it merely as security, and if part will pay his debt a part is all he is in equity and good conscience entitled to sell; if part will not sell for enough, then he has a perfect and undoubted right to sell all the land his mortgage covers. A slight thing only is required in compelling him to first make offer of part of the mortgaged land.

The judgment of the Federal court does not, fairly interpreted, mean that the appellant shall defeat the mortgage; it simply means that if she shows some right to relief it shall be awarded her. A person owning an interest in mortgaged property and showing that he is entitled to have a part of the property in which he has no interest first offered for sale, shows some right to relief. The complaint of the appellant does this, and is therefore clearly within the order which appellee's petition obtained from the United States District Court. The part of the order which bears upon this question reads thus: " Such decree and the sale made thereunder shall be opened and reviewed so far as to permit said Margaret Leary to make any defence or ask and obtain any relief to which she may be entitled in said cause, as fully as if said decree had not been rendered." We think there is little room to doubt the meaning of this provision.

Judgment reversed.