Braden v. Graves.

No. 9292.

## BRADEN v. GRAVES.

MORTGAGE.—*Res Adjudicata.—Decisions of Supreme Court.—Practice.—Conclusion of Law.—Exception.*—Where an action is brought to foreclose a mortgage in the form of a deed, and upon appeal to the Supreme Court it is held that the facts stated are sufficient to entitle the plaintiff to recover, such decision is binding upon the trial court and upon the Supreme Court on a second appeal, and if, upon a subsequent trial, the facts alleged are found and conclusions of law are stated, the defendant can not, by an exception to the conclusions, again raise such questions, as the decision of the questions, however presented, binds him.

SAME.—*Vendor's Lien.—Promissory Note.—Recitals.—Estoppel.* — Where, in such action, the defendant seeks by counter-claim to enforce a vendor's lien upon the land for the amount of a note alleged to have been executed by the plaintiff for the land, and the court finds that the note was executed without consideration and concludes that the defendant is not liable upon it, an exception to the conclusion of law raises no question as to whether the recitals in the note estop the plaintiff to prove such fact.

SAME.—*Subrogation.—Payment of Prior Mortgages.—Interest.*—In such action the defendant, who is the purchaser of the equity of redemption, and who has paid prior mortgages, bearing interest at the rate of seven and ten per cent., is entitled to the amounts paid upon such mortgages, with interest thereon from the time of payment at the rates specified in such mortgages.

SPECIAL FINDING.—*Exception to Conclusion of Law.*—An exception to the conclusions of law concedes, for the purposes of the exception, that the facts are correctly found.

From the Shelby Circuit Court.

*T. B. Adams, L. T. Michener* and *G. M. Wright,* for appellant.
*O. J. Glessner, E. K. Adams* and *L. J. Hackney,* for appellee.

BEST, C.—Albert G. Hanks and Eliza, his wife, executed a mortgage, in the form of an absolute deed, upon the premises in the complaint described, to the appellee. This mortgage was immediately recorded, but was junior to two judgments against said Albert G., which were liens, and upon which the premises were subsequently sold and conveyed to the appellant. The mortgagors, after its execution, also conveyed the premises to the appellant, after which Albert G.

died, leaving Eliza, his wife, surviving him. Thereupon the appellee brought this action against the appellant to foreclose the mortgage upon the undivided one-third of said premises. A demurrer was sustained to the complaint, and this ruling, upon appeal, was reversed by this court, *Graves* v. *Braden*, 62 Ind. 93; to which reference is made for a more detailed statement of the facts alleged in the complaint.

After the cause was remanded, among other pleadings, a counter-claim was filed by which the appellant sought to enforce a vendor's lien upon said premises, alleging that the appellee had executed a note to Eliza Hanks for the purchase-money, and that the same had been by her endorsed to him. He also alleged, that he had been compelled to pay two mortgages upon said premises, which were prior liens, and he sought to enforce such liens against the appellee. Issues were formed, a trial had, and the court found the facts specially, stated its conclusions of law thereon, and rendered final judgment accordingly. The appellant reserved exceptions to the conclusions of law, and in his brief relies alone upon these exceptions for a reversal of the judgment.

The court found the facts alleged in the complaint, and also found the following facts: "That the plaintiff executed to Eliza M. Hanks the following note:

"'August 10th, 1867.

"'On or before the 25th day of December, 1868, I promise to pay to Eliza M. Hanks two thousand and four hundred dollars, for value received of her, waiving valuation or appraisement laws of Indiana. The above note is given for real estate in the county of Shelby, and State of Indiana. If either party, or their administrator, become dissatisfied at the time of maturity of the note, the said C. C. Graves is to make back to the said Eliza M. Hanks a deed.

"'C. C. Graves.'

"The above note was, after the execution of the deeds by the sheriff and after the death of Hanks, endorsed in writing on the back thereof by Eliza M. Hanks to the defendant,

Braden, without any consideration whatever, and the above note from Graves to Eliza M. Hanks was executed without any consideration whatever; and the said Graves had not purchased any land from said Eliza, or any other person, for which said note was given, and Braden has no right to recover thereon; that before the execution of the Graves mortgage, to wit, on the 6th day of August, 1867, Hanks and wife executed to Joseph D. Sidener their mortgage, whereby they mortgaged and warranted to said Sidener the above described eighty-acre tract of land to secure the payment, when the same became due, of two promissory notes made, by said Hanks to Sidener; one note dated July 1st, 1867, due five months after date, for $451.50; and the other said note, for $624, dated August 6th, 1867, due four months after date; and both to draw ten per cent. interest until paid, if not paid punctually at maturity; which mortgage was duly executed and acknowledged, and recorded in the recorder's office, in Mortgage Record 'G,' one of the proper records of said office, on the 6th day of August, 1867; that on the 5th day of February, 1870, for the purpose of protecting his title to said lands as conveyed him by said Hanks and wife, Braden paid off and satisfied said mortgage in full, by paying to said Sidener $1,290.47, the full amount then due thereon, and said mortgage was properly endorsed of record as fully paid and satisfied by said Sidener.

" On the 2d day of October, 1858, Hanks and wife executed their certain mortgage to the State of Indiana upon the above described forty-acre tract of land; whereby they mortgaged and warranted to the State of Indiana the said land, to secure the payment of the sum of $500, and seven per cent. interest therefor, which sum had been borrowed by Hanks from the sinking-fund of the State of Indiana.

"On the 25th day of September, A. D. 1871, for the purpose of protecting his title, Braden paid to the State of Indiana the amount due upon said mortgage, being $541.50, and

the said mortgage was then and there cancelled and satisfied of record, upon the proper records in the recorder's office of Shelby county.

" That plaintiff never at any time delivered or surrendered to defendant his mortgage or any interest therein ; that plaintiff is and has been for fifteen years last past a non-resident of the State of Indiana, but a resident of the State of Kentucky, and has no property subject to execution in the State of Indiana.

" The note executed by Hanks to plaintiff is due and unpaid, and there is now due thereon the sum .of $601, collectible without relief from the valuation or appraisement laws of the State of Indiana, and the one undivided third part in value of the above described land is liable to be sold upon decree as lands are sold upon execution, to pay and satisfy the sum so found due upon said note ; that defendant, Braden, by the payment of the Sidener mortgage, which was a prior lien upon the eighty-acre tract, and by the payment of the sinking-fund mortgage, which was a prior lien upon the forty-acre tract, to the mortgage of Graves, has the right to have said liens kept alive and on foot as between himself and plaintiff ; that the one-third of the $541.50 paid upon the sinking-fund mortgage, to wit, the sum of $180.50, with interest at the rate of six per cent. thereon from September 25th, 1871, is a prior lien on the undivided one-third of the forty-acre tract of land described in the Graves mortgage, which sum must first be paid by Graves to Braden, or the said sum must first be paid to Braden out of the proceeds of the sale of said land ; that the one-third of the $1,290.47 paid by Braden upon the Sidener mortgage, to wit, the sum of $430.16, with interest thereon at the rate of six per cent., from the 15th day of February, A. D. 1870, is a prior lien to the Graves mortgage upon the undivided one-third part in value of the eighty-acre tract of land, which sum must be paid by Graves to Braden, or the said sum must be paid to Braden out of the proceeds of sale of the said tract of land ; that the relation of principal and

surety in no manner existed between Graves and Braden, and hence Braden is not entitled to ten per cent. interest upon the sums stipulated in Sidener's mortgage, or seven per cent. as stipulated in the sinking-fund mortgage, and, as between himself and Graves, can only receive six per cent. interest upon the one-third of the amount paid out by him from date of payment."

The facts found do not show that the appellant had actual knowledge of the existence of the appellee's mortgage at the time he purchased and paid for the land, and the appellant insists that this mortgage was not recorded in the proper record, and for that reason the record was not constructive notice to him.

The facts found by the court upon this question are the identical facts averred in the complaint, and the appellant's exception to the conclusion of law raises the same question that was raised by the demurrer to the complaint. This question was decided by this court against the appellant upon the former appeal, and that decision concludes him upon such question. The rule is that " Where, upon appeal, the appellate court decides a question presented by the record, and the cause is remanded, the decision is binding both upon the court below and the appellate court, and can not be reversed upon a second appeal." *Sizer* v. *Many*, 16 Howard U. S. 98 ; *Hawley* v. *Smith*, 45 Ind. 183 ; *Dodge* v. *Gaylord*, 53 Ind. 365, and authorities there cited. The same rule prevails where the same question of law is raised in the subsequent proceedings, though the question is raised in a different way. *Roberts* v. *Cooper*, 20 How. 467.

In the above case, after the cause was remanded, the court was requested to instruct the jury contrary to the principles established on the first writ of error, and it was held that none of the questions thus decided could be heard and determined upon a second writ of error.

In the case at bar, this precise question in the former appeal was decided against the appellant, and that decision, though

the question was presented upon a demurrer to the complaint instead of an exception to a conclusion of law upon facts found, is the law of this case, and is binding alike upon the parties and upon the court. This point, therefore, can not be sustained.

The next point made is that the recital in the note made by the appellee to Eliza M. Hanks, and by her endorsed to the appellant, estops the appellee to show that it was made without any consideration.. This question is not raised by an exception to the conclusion of law. A conclusion of law is based upon the facts found and raises no question as to the right of the party to prove the facts or of the court to find them. An exception to the conclusions of law concedes, for the purposes of the exception, that the facts have been correctly found, and the exception in this case is tantamount to an admission that the note was made without any consideration. *Robinson* v. *Snyder,* 74 Ind. 110.

If an objection to proof of this fact had been overruled, an exception saved, and the ruling made the ground of a motion for a new trial, the question would have been presented; but an exception to the conclusion of law does not present it, and, therefore, we decide nothing concerning it.

The next position taken is that the appellant is entitled to interest upon the amounts paid upon the Sidener and the sinking-fund mortgages, from the time such payments were made until such sums are refunded, at the rate of interest specified in said mortgages, respectively. This position is based upon the assumption that the payment of these mortgages, under the circumstances stated, entitles the appellant to be subrogated to the rights of the mortgagees, and enables him to treat them as subsisting liens equitably assigned to him. This position seems to us to be well taken. Jones on Mortgages, sec. 877, says that, "When a mortgage is paid by one who is under no obligation to pay it, although he does not take a formal assignment of it, he is subrogated to the rights of the mortgagee in the mortgaged property, and holds the

title so acquired as against subsequent incumbrances, although he had also acquired the equity of redemption. In such case no proof of intention on his part to keep the mortgage alive is necessary to give him the benefit of it. His payment of the mortgage and his relation to the estate are in aid of his title to strengthen and uphold it." The rule thus announced has been repeatedly asserted by this court. *Muir* v. *Berkshire*, 52 Ind. 149; *Holten* v. *Board, etc.,* 55 Ind. 194.

If a party, thus paying the mortgage, is subrogated to the rights of the mortgagee, it follows that he is entitled to the money thus paid, with interest at the rate specified in the mortgage. This was expressly so decided in *Walker* v. *King*, 45 Vt. 525, in a case precisely similar to this one, and we can not see how it can otherwise be decided if the mortgage is to be re-garded as a subsisting lien for the amount of money paid. This, of course, proceeds upon the assumption that the mortgagee would have been entitled to interest at such rate upon such sum. If any part of the sum thus paid is interest, the person who makes the payment can recover no more than the mortgagee could have recovered had no payment been made. The sug-gestion of the appellee, that the allowance of interest at the rates claimed would be inequitable, is met by the fact that the appellee had the right to redeem by paying the amounts paid upon these mortgages, with interest at the rates specified, and the right to carry such liens, at such rates of interest until he could be reimbursed from the property, or until his claims should be paid. We are, therefore, of opinion that the court erred in concluding that the appellant was not entitled to in-terest at ten per cent. upon the amount paid upon the Sidener mortgage, and seven per cent. interest upon the amount paid upon the sinking-fund mortgage; and that the judgment should be reversed, with instructions to state conclusions of law in accordance with this opinion, and to render judgment thereon accordingly.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby reversed, at the

appellee's costs in this court, with instructions to state conclusions of law in accordance with the above opinion, and to render judgment thereon accordingly.