*J. W. Burton*, for appellant.

*R. A. Clements, jr.*, for appellee.

---

PERRY v. BORTON.

DECEDENTS' ESTATES.—WIDOW'S PORTION.—A died intestate and insolvent, his entire assets consisting of two parcels of real estate, upon each of which there was a separate mortgage, in the execution of which the wife had joined. The administrator filed his petition to sell the real estate, and the wife appeared and consented to the sale, reserving her interest in the proceeds. The administrator first sold one parcel of the land, and after paying off the mortgage upon it, paid to the widow one-third of the residue. He then sold the other parcel, and after paying off the mortgage upon it, out of the proceeds, paid to the widow one-third of what remained.

*Held*, that the right of the widow, under the statute, to one-third of the real estate of her deceased husband is absolute against creditors, unless by joining with her husband in a mortgage she has waived her right; and even then the waiver operates only in favor of the mortgagee.

*Held*, also, that the administrator should have applied the balance of the proceeds of the sale of the first tract, after paying the mortgage, and one-third of the residue to the widow, to the discharge of the mortgage upon the second tract, and not to the claims of general creditors.

APPEAL from the *Wayne* Common Pleas.

FRAZER, C. J.—*Job Borton* died in 1865, intestate and insolvent, leaving no personal property. The entire estate consisted of two lots in the city of *Richmond*, each

incumbered by a separate mortgage, executed by the intestate and his wife to secure his debts. The administrator, *Perry,* filed his petition to sell the real estate. *Borton's* widow, who was a party defendant to the petition, appeared and consented to the sale of the whole of the real estate, and agreed to accept such sum, on the sale thereof, as might be justly due her, after paying off the incumbrances thereon. The administrator sold one of the lots, and with the proceeds thereof satisfied the mortgage upon it, and paid to the widow $581 83, one-third of the residue of the money realized by the sale thereof. He then sold the other lot, and after applying the proceeds thereof to the satisfaction of the mortgage upon it, gave the widow one-third of the balance of the purchase money. The widow brought this suit against the administrator, alleging the foregoing facts in her complaint, and claiming that the purchase money of the first lot, after paying the mortgage thereon, and one-third of the residue to her, should have been applied upon the mortgage upon the second lot, thus increasing the aggregate net sum realized upon the sale of that lot, remaining after satisfying the mortgage upon it, one-third of which sum, thus increased, she demands, less the amount which she has received from the proceeds of that lot. This claim was disputed by a demurrer to the complaint. The court below overruled the demurrer, and that ruling is assigned for error.

The right of a widow, under our statute, to one-third of the real estate of her deceased husband is absolute against creditors, unless, by joining with her husband in a mortgage, she waives it. Such waiver can only operate in favor of the mortgagee; and other creditors, cannot surely reap advantages against her, from the fact that she has thus joined in a mortgage to one. 1 G. & H., § 17, p. 294. To so hold, would not be to give her the share "free from all demands of creditors," as the statute requires.

The whole estate, real and personal, except the share thereof given to the widow by law, must, if necessary, be

applied to the payment of the debts of the deceased; and as between creditors, those who hold mortgage or judgment liens must be fully paid in preference to general creditors. 2 G. & H., §§ 75, 81, 109, p. 506.

The foregoing legal propositions, derived from our statutes, are not controverted in argument, but it is insisted that each parcel of real estate must bear its own burdens, without reference to the other. This, though the rule at common law, cannot be so now, if thereby the provisions of a statute would be violated. If we are correct in assuming that neither the heirs nor general creditors can, as such, possess any claim which will lessen the widow's share in her husband's real estate, and that this cannot be changed by the existence of a mortgage, in the execution of which she has joined, and that the mortgagee only can derive advantage from the mortgage, it would clearly result that the action of the court below upon the demurrer was right.

The importance of the question may justify a little further discussion of it. Our statutes, in providing for a widow, are liberal and peculiar. Instead of dower, as formerly, she takes one-third in fee, free from demands of creditors, except in certain cases. If, in the case before us, the indebtedness of the deceased had been the same, but no mortgage had existed, she would have taken one-third in fee. If she had not joined in the mortgages she would also have taken one-third in fee, and if the proceeds of the remaining two-thirds had been entirely absorbed by the mortgages the general creditors would have received nothing. But if we assent to the position insisted on by the appellant, then the fact that she joined in the mortgages to certain creditors, would compel her to contribute one-third of the amount necessary to discharge the mortgages, though this were not necessary for the payment of the mortgage liens, and did not benefit the holders of them, two thirds of the lands being sufficient to pay their claims, but would merely create a surplus for the benefit of general creditors,

as against whom the statute gives her the most unquestionable protection. The provisions of the statute requiring the administrator, in all cases, to pay liens upon real estate in preference to general debts, as well in solvent as in insolvent estates, are in exact harmony with the widow's rights in her husband's lands, as we define them, and were intended to protect them. 2 G. & H., § 109, p. 516, and § 129, p. 521. The two-thirds of the purchase money of the lot first sold, remaining after satisfying the mortgage upon it, the statute positively required to be applied to the satisfaction of the mortgage upon the second lot, to relieve it from its burden. The widow sues because that was not done. The statute must be violated, or she is entitled to recover.

The purpose of the statute to protect the widow in the share of lands given her in lieu of dower, by requiring the application of the rest of the estate to the satisfaction of liens on real estate, is further manifested by the 29th and 31st sections of the statute of descents, whereby it is enacted that where, at the death of the husband, liens exist for the purchase money of lands, she shall, upon the payment thereof out of the husband's estate, take one-third thereof. Indeed, the legislation of 1852 was intended to work a radical change in the law concerning the rights of married women and widows. It is based upon principles not previously sanctioned either by the common law or by statute. It not only gives her an estate in fee, instead of one for life, but, as we have seen, it carefully protects the estate thus given from heirs and creditors, as the ancient dower was not protected.

The judgment is affirmed, with costs.

ELLIOTT, J., dissented.

*J. Perry*, for appellant.

*G. Holland*, for appellee.