NEWCOMER *v.* WALLACE AND OTHERS.

DECEDENTS' ESTATES.—*Payment of Debts.*—The act concerning the settlement of decedents' estates (2 G. & H. 483) makes the personal estate the primary fund for the discharge of all liabilities, whether for debts contracted by the intestate which might in his lifetime be made by execution against his general property, or liabilities which are primarily incumbent on his real estate only (having been contracted by his grantor), with a personal liability over to indemnify his grantor if the debt should fall upon the latter.

SAME.—*Mortgage.*—A decedent's real estate was incumbered by a mortgage made by his grantor, who conveyed subject to the mortgage. *Held,* that the personal estate was the primary fund for the discharge of the incumbrance.

SAME.—*Sale of Real Estate to Pay Debts.*—Real estate cannot be sold by an administrator unless the personal estate is insufficient to pay the liabilities, and, ordinarily, only so much as is necessary for that purpose.

SAME.—*Order of Payment.*—Judgments which are liens upon a decedent's real estate and mortgages thereon may in every case be paid at once, and must be paid before general debts, which may not be paid until a year has expired from the first granting of letters of administration.

APPEAL from the Marion Common Pleas.

FRAZER, J.—Christian Newcomer died, intestate, seized of real estate subject to a mortgage which was upon the property when he purchased it. The deed of conveyance to him passes the title "subject to the mortgage * * which said Christian Newcomer is to fully pay and satisfy." He died in 1863, leaving the appellant, his second wife, without children of theirs surviving him. She became administratrix, and paid off the mortgage ($2,390) out of the personal assets. Afterwards this real estate was sold to pay debts, and after all were paid there remained a surplus for distribution of $2,198.32. The personal assets amounted to $3,423.70, and the debts of the estate, not including the mortgage, to $1,000. In this suit the widow claims that the amount paid to discharge the mortgage shall be charged to the real estate, thus leaving the fund on hand to be distributed mainly as personal estate, of which she would receive one-third.

The question seems to be regulated in this State by express statute, and in a manner fatal to the widow's claim in this case. The proposition urged in her behalf by counsel is, that as the indebtedness secured by the mortgage was not the personal indebtedness of the intestate, therefore the land was the primary fund for its payment. Numerous authorities are cited for and against this proposition, in the absence of a statutory rule upon the subject, and the question is an interesting one; but, as already stated, we think our statute settles the matter, and for that reason we forbear considering what might otherwise be the rights of the parties.

We are of opinion that the act concerning the settlement of decedents' estates (2 G. & H. 483), in its general scope and spirit, as well as by its specific provisions, makes the personal estate the primary fund for the discharge of all liabilities, whether for debts contracted by the intestate which might in his lifetime be made by execution against his general property, or liabilities which are primarily incumbent upon his real estate only (having been contracted by his grantor), with a personal liability over to indemnify the grantor if the debt should fall upon him, a liability which it is not questioned was in this case created by accepting the deed containing the clause which we have quoted.

By the statute (sec. 75), real estate cannot be sold by an administrator unless the personal estate is insufficient to pay the liabilities, and then, ordinarily, only so much as is necessary for that purpose (sec. 81). Judgments which are liens upon real estate and mortgages thereon must be paid before general debts (sec. 109); and these may in every case be paid at once (sec. 108), though general debts may not be paid until a year has expired from the first issuing of letters of administration. It is, however, denied that this statute requiring the administrator to pay mortgages before general debts applies to mortgages made by the grantor of the decedent, and not as security for a debt of the latter,

and insisted, that the personal estate, though the primary fund for the payment of debts contracted by the decedent, cannot be applied by the administrator in a case like this. It may be remarked that the language of the statute (sec. 109) is general—"all claims against the estate of the decedent," not merely those against the personal estate.

GREGORY, J., dissented.

The judgment is affirmed, with costs.

L. Barbour and C. P. Jacobs, for appellant.

J. S. Tarkington and N. B. Taylor, for appellees.