Hunsucker *v.* Smith *et al.*

---◇---

HUNSUCKER *v.* SMITH ET AL.

ADMINISTRATOR AS MORTGAGEE.—*Duties and Disabilities of.— Widow.*—An administrator, holding a mortgage on the lands of his decedent, foreclosed his mortgage and purchased the lands at sheriff's sale, pending his petition in the proper court to sell all but the widow's interest in said lands to pay the debts of the estate, there being no other liens against the lands, and the personal estate, with the two-thirds of the lands, being ample to pay all the debts.

*Held,* that the widow could avoid the sale.

ADMINISTRATION.—The personal estate of a decedent is the primary fund for the payment of debts, unless a different provision be made by the will of the decedent.

SAME.— *Widow's Rights.*—A widow who joined with her husband in his lifetime in a mortgage of his lands has a right to have the personal estate and the residue of the decedent's real estate applied, as far as applicable, to the payment of the mortgage debt, before her interest, as widow, in such lands is subjected to sale.

From the Jackson Circuit Court.

*D. H. Long, B. E. Long,* and *F. T. Hord,* for appellant.

*B. H. Burrell,* for appellees.

Worden, J.—Complaint by the appellant against the appellees, to set aside a sheriff's sale of real estate. Demurrers to the complaint, for want of sufficient facts, sustained, and exception. Final judgment for defendants. The error assigned brings in review the ruling on the demurrers.

We take from one of the briefs of the appellant the following statement of the facts alleged in the complaint, which, upon comparing it with the complaint, appears to be correct:

"This is an action by appellant against appellees, on a complaint that charges substantially the following facts : that the appellee Henry G. Smith instituted an action in the Jackson Circuit Court against appellant and his co-appellees, to foreclose a mortgage executed by appellant and her husband, Charnel Hunsucker, in his lifetime, on certain real estate described in the complaint, to secure a debt of the said Charnel Hunsucker, now deceased. Appellant was defaulted, and judgment was rendered in favor of H. G. Smith on the 13th day of February, 1873, for three thousand eight hundred and sixty dollars and twenty-two cents, and for foreclosure of the mortgage and sale of said property ; that prior to the commencement of said action by H. G. Smith to foreclose the mortgage, said Charnel Hunsucker had departed this life, and said Henry G. Smith was, on the 1st day of October, 1872, duly appointed his administrator ; that as such administrator, on the 8th day of November, 1872, he filed his inventory, showing that the personal assets amounted to three thousand three hundred and seventy-eight dollars and six cents ; and, on the 8th day of November, 1872, prior to commencing said suit, said administrator filed his sale bill, showing sales of personal property amounting to three thousand three hundred and thirty-one dollars and three cents ; and on the 13th day of November, 1872, H. G. Smith, as administrator, filed his petition in the court of common pleas of Jackson county, to sell the real estate of said Charnel Hunsucker, deceased, for the purpose of creating assets for the payment of the debts of the decedent; notice thereof was duly given, and he procured an

order for the sale of said real estate of said deceased for said purpose; that all of said proceedings were had before H. G. Smith had sued to foreclose his mortgage, and before his judgment thereon; that the real estate of said decedent included in the mortgage was of the value of five thousand dollars; that two-thirds thereof, which was ordered to be sold by the court to pay debts on petition of H. G. Smith, as administrator as aforesaid, was of the value of three thousand three hundred dollars, and would have sold for that money. This sum, with the personal assets already in his hands as administrator, would make the assets in his hands amount to six thousand six hundred and thirty-one dollars; that there was no other mortgage or lien on the land; the only lien upon it was the mortgage above mentioned, of said Smith, who was the administrator; that the expenses of last sickness and the funeral expenses of said decedent amounted to one hundred dollars, and the expense of administering would not exceed two hundred dollars; that the debt of said Smith, with interest, was three thousand nine hundred and seventy dollars; these were the only preferred claims, making a total of four thousand two hundred and seventy dollars; and after paying said Smith's indebtedness, and all preferred claims, there would have been a residue of two thousand three hundred and sixty-one dollars to be applied to the payment of general debts of said estate, and the same would have been amply sufficient to pay said debts, without selling the interest of this appellant in the land, and the estate would have been perfectly solvent; that Charnel Hunsucker died, leaving his widow, and his children, John E., Julia A., and Wyona Hunsucker, the children being minors; that after said Smith had been appointed administrator, and as such had filed his inventory and sale bill, and after he had procured an order of said court of common pleas to sell two-thirds of said land to pay the debts, instead of proceeding to sell under said order, as he was in duty bound to do, he then brought suit as aforesaid to foreclose his said mortgage; and after the rendition of the judgment, and during the same term of court, without leave from the court therefor, on

the 22d day of February, 1873, he caused the clerk to issue an order of sale on his said judgment of foreclosure; and, on the 22d day of March, 1873, said land was all sold by the sheriff, and said Smith became the purchaser at said sale for three thousand six hundred dollars, and the sheriff gave him a certificate of sale; that as the widow of said decedent, appellant was the owner of one-third of all said real estate in fee simple; that it was the duty of said Smith, as administrator, to apply the proceeds of the personal estate, after the expense of last sickness and funeral expenses, and the expense of administration, to the satisfaction of his said mortgage; that there was no other mortgage or lien against said real estate; that said mortgage was foreclosed, and sale made, for the fraudulent purpose of depriving appellant of her title in said real estate; and if said sale is sustained, her rights in said land will be barred; that for want of means, appellant is unable to redeem said land from said sale; that if the personal assets had been applied on said debt, as it was the duty of the administrator to have done, appellant could have paid the residue, which she was willing and ready to do; that said Smith procured said sale to be made under the circumstances, that he might purchase the land for less than its real value, and to secure to himself the interest of appellant in the land; that as administrator it was his duty to regard the interest of his trust, and not to sacrifice the same; and he had no right to sell said land under said order of sale, or to purchase the same. And appellant demands that the sale be declared void, and that it be set aside, and that the certificate of sale be set aside, and demands all general and proper relief."

We are of opinion that the plaintiff was entitled to relief on the facts stated, and therefore that the court erred in sustaining the demurrers to the complaint. The purchase of the property by Smith for his own benefit, though at his own sale, cannot be upheld. He was a trustee, acting in a fiduciary capacity; and it was his duty, as administrator, to make the land bring the best price that could be obtained, while it was

his interest as an individual to purchase it as cheaply as possible. His duty and his interest were directly antagonistic.

This question was fully considered in the case of *Martin* v. *Wyncoop*, 12 Ind. 266, and we see no reason to modify anything that was decided in that case. If this were the only point in the case, the sale would not be absolutely void, but voidable merely, and the appellee would have the option of having the experiment of another sale. There are, however, other questions involved.

It will be seen from the allegations of the complaint, that the sale bill of the personal property of the estate of the deceased amounted to over three thousand three hundred dollars, and that the personal property and two-thirds of the land were sufficient for the payment of all the debts, including Smith's.

The personal estate is the primary fund out of which all debts should be paid, unless some different provision is made in the will of the deceased; and the widow has the right to have it thus applied, as far as it will go. *The State, ex rel. Lockhart*, v. *Mason*, 21 Ind. 171; *Clarke* v. *Henshaw*, 30 Ind. 144; *Newcomer* v. *Wallace*, 30 Ind. 216.

The widow also had the right to have the two-thirds of the land sold before selling the third belonging to her; and if the two-thirds, together with the personal estate, should be insufficient to pay Smith's debt (that being the only lien on the land by way of judgment or mortgage), after payment of the expenses of administration, and the expenses of last sickness and funeral expenses, her third could not be sold at all. Such liens are to be paid before general debts, and after expenses of administration, and expenses of last sickness, and funeral expenses. 2 G. & H. 516, sec. 109.

Although Smith has obtained a judgment of foreclosure against the widow and heirs, it his duty as administrator of the estate, and she has the right to require him, to make his claim out of other assets, personal and real, if he can do so after the payment of such expenses above named as have preference, and thereby save to her the third of the land to which she would be entitled except for the mortgage.

The demurrers on the part of the heirs were also improperly sustained. Their legal interest lay in having the widow's third sold to pay the mortgage, whereby their distributive shares might be increased.

The judgment below is reversed, with costs, and the cause remanded; with instructions to the court below to overrule the demurrers to the complaint.