Morgan, Adm'r, *v.* Sackett.

---

## MORGAN, ADM'R, *v.* SACKETT.

DECEDENTS' ESTATES.—*Assets.*—*Payment of Debts.*—*Duty of Administrator.*—*Real Estate.*—*Rights of Widow.*—*Mortgage.*—An insolvent debtor, the owner of certain real estate encumbered by a mortgage for purchase-money in which his wife had not joined, died intestate, leaving her surviving him, and leaving personal property in excess of the amount allowed by law to his widow, and of the amount necessary to discharge the expenses of administration, his last sickness and his funeral. The administrator, having in his hands such excess, suffered such real estate to be sold on foreclosure of such mortgage, whereupon the widow brought suit against him to require him to pay to her the one-third value of such real estate.

*Held,* that she is entitled to a judgment for one-third of such excess, not exceeding however the one-third value of such real estate.

*Held,* also, that the fact that she did not join in such mortgage, and had not relinquished her interest in such realty, is no defence to such action.

*Held,* also, that the fact, that such mortgage was given for purchase-money, was no excuse for the failure of the administrator to protect her interest therein.

From the Bartholomew Circuit Court.

*A. Burns* and *J. Morgan*, for appellant.

*P. W. Jerrett*, for appellee.

BIDDLE, C. J.—The appellee filed the following complaint against the appellant :

" Maud Sackett complains of John W. Morgan, as the administrator of the estate of Lee M. Sackett, deceased, and says, that the plaintiff was married to the said Lee M. Sackett on the 22d day of July, 1868, and that he died on the 22d day of August, 1873, leaving her his widow, surviving him ; that he died intestate, and that his estate is insolvent. She further shows, that he left personal property of the value of one thousand dollars, which came into the hands of the defendant as his administrator, and real estate, to wit, lot number thirteen (13) in the town of Jonesville, in said county and State, of the value of four hundred and fifty dollars. Said plaintiff further shows, that, at the time of the death of said Lee M. Sackett, said real estate was mortgaged for the purchase-money therefor, and that afterward said mortgage was duly foreclosed, and said lot sold for the sum of three hundred and sixty-seven dollars, to satisfy the same.

" Said plaintiff says, that it was the duty of said administrator, after paying her the sum of five hundred dollars allowed her as widow, and the expenses of the last sickness, funeral expenses, and the expenses of the administration, to apply the balance of the personal estate in satisfaction of said mortgage, that her one-third interest might be released therefrom. She states, that he has failed so to do, but suffered said property to be sold to satisfy the judgment on said mortgage, and is holding the balance of said assets, to wit, three hundred dollars for division among the general creditors of said estate.

" She prays that he may be required to pay to her the sum of one hundred and fifty dollars, the one-third of the value of said lot, and for all further and proper relief."

To this complaint, a demurrer, alleging the insuffi-

ciency of the facts stated, was overruled, and exceptions to the ruling reserved.

The appellant then answered as follows:

"The defendant, for answer herein, says, that he admits that plaintiff was the wife of said decedent, and that he died the owner of said property, but says, that, prior to his death, said decedent executed a mortgage upon said property for the balance of the purchase-money for said property; that said plaintiff did not join in said mortgage with her husband.

"Defendant avers, that, by reason of the depreciation of the value of said property, the same was not worth more than the amount of said mortgage, and that there never came into his hands as administrator an amount sufficient to discharge said mortgage, after paying to plaintiff five hundred dollars, her absolute claim, and costs of administration and funeral expenses; that said estate is insolvent, and has been so declared by said court. Defendant avers, that said plaintiff never relinquished any right or interest in said property by reason of said mortgage."

A demurrer to this answer, alleging a want of facts stated, was sustained, and exceptions reserved. The appellant refusing to answer further, the court decreed one hundred and fifty dollars to the appellee, as prayed.

This judgment is correct. It is the duty of an administrator to pay the claims against the estate of the decedent, in the following order:

First. Expenses of administration.

Second. Expenses of last sickness, and funeral expenses.

Third. Judgments which are liens upon the decedent's real estate, and mortgages of real and personal property existing in his lifetime.

Fourth. General debts. Sec. 109, 2 R. S. 1876, p. 534.

It was the duty of the appellant, after he had paid the first and second classes of claims, to apply whatever assets were left upon the payment of the mortgage. Not having

done so, and having allowed the lot to be sold to pay the mortgage, the widow is entitled to the same portion in such assets as she would have had in the lot, if the assets had been applied so far in discharge of the mortgage. Former decisions of this court bear us out in this view. *Perry* v. *Borton*, 25 Ind. 274; *Newcomer* v. *Wallace*, 30 Ind. 216; *Kirkpatrick* v. *Caldwell's Adm'r*, 32 Ind. 299; *Hunsucker* v. *Smith*, 49 Ind. 114.

It is insisted by the appellant, that "a mortgage given for purchase-money is superior to any rights of a widow in the real estate." Undoubtedly it is, in favor of the mortgagee, in all cases; but in so far as the mortgage has been paid, or there are assets out of which it should be paid, either in whole or in part, the widow has, to that extent, a right therein.

The appellant also insists, that, if the widow is entitled to have the personal assets applied on the payment of the mortgage, it is only upon the ground that she has relinquished her right in the real estate by joining her husband in the mortgage; and, not having done so in this case, she is not entitled to any share in the assets, in preference to the payment of the general debts against the estate.

We do not perceive the force of this argument. How the fact, in such case, that she had joined or not joined with her husband in the mortgage, could affect the order of the payment of the claims against the decedent's estate, does not appear to us.

It does seem to us, however, that the decree should have been for one-third of the three hundred dollars' surplus assets, in the hands of the administrator, instead of one-half; but, as no question was raised in the record to reach this point, we can not examine it.

The judgment is affirmed, with costs.