## MEDSKER v. PARKER ET AL.

MORTGAGE —Sale of Mortgaged Premises, on Execution Against Husband.— Partition of One-Third to Mortgagor's Wife.—Foreclosure by a subsequent Purchaser of both the Mortgage and the other Two-Thirds.—A husband and wife executed a mortgage on lands belonging to him, to secure the payment of a promissory- note executed by the husband to evidence his own debt. The mortgaged premises were afterward sold on execution on a personal judgment against the husband alone, to one who subsequently instituted an action for partition of the same, wherein, under the act of March 11th, 1875, 1 R. S. 1876. p. 554, one-third was set off to the wife and the other two-thirds to the purchaser. Such note and mortgage having been endorsed to one who subsequently received a conveyance of the said two-thirds of the mortgaged premises, he then instituted an action on the note against the husband, and to foreclose the mortgage against the one-third set off to the wife. The third and the two-thirds were each of a value more than sufficient to satisfy the mortgage debt.

Held, that the two-thirds owned by the plaintiff, and not the third set off to the wife, should be first subjected to sale to satisfy the mortgage debt.

From the Hendricks Circuit Court.

*L. M. Campbell* and *C. S. Denny*, for appellant.

*J. B. Julian* and *J. F. Julian*, for appellees.

NIBLACK, C. J.—The complaint in this case charged, that on the 27th day of November, 1876, William O. Parker executed to one Aimee J. Medsker his note for five hundred and fifty dollars and five per cent. attorney's fees, and payable one year after date with ten per cent. interest; that, concurrently with the execution of such note, the said William O. Parker and Elizabeth Parker, his wife, executed a mortgage on certain lands in Hendricks county, of which the said William O. Parker was the owner in fee-simple, to the said Aimee J. Medsker, to secure the payment of such note, which mortgage was recorded in due time; that, before maturity, the said Aimee J. Medsker sold and assigned said note and mortgage to one William P. Shirley; that afterward Shirley sold and assigned the note and mortgage to one Alpha Medsker; that afterward the said Alpha sold and assigned the note and mortgage to Carrie A. Medsker, the plaintiff, who afterward intermarried with, and became the wife of the said Alpha; that on the 31st day of January, 1877, the State, on the relation of Alfred A. Barnes, as guardian of the said Alpha, recovered a judgment in the court below, for one thousand four hundred and thirty-one dollars and ninety-seven cents, against the said William O. Parker; that on the 9th day of February, 1877, an execution was issued on said judgment to the sheriff of Hendricks county, who levied said execution on the lands mortgaged as above, and sold all the interest and estate of the said William O. Parker in and to the same, to the said Barnes, as such guardian, for one thousand five hundred and forty dollars and sixty-two cents; that the said Barnes afterward caused the sheriff to convey the interest and estate in said lands so purchased by him to the

said Alpha, who afterward conveyed such interest and estate to the plaintiff; that, while he was the owner of such mortgaged lands, the said Alpha instituted proceedings in partition against the said Elizabeth Parker and others, for the partition of such lands, which resulted in the assignment and setting off to the said Elizabeth of one-third in value of such lands, by metes and bounds, during her natural life, she being the second wife of the said William O. Parker, and without issue by him.

The complaint further charged that the interest and estate in said lands so assigned and set off to the said Elizabeth was sufficient in value to pay and discharge the mortgage indebtedness above described. Wherefore the plaintiff demanded judgment against the said William O. Parker upon the note, and the foreclosure of the mortgage, and that the interest and estate of the said Elizabeth be first sold to satisfy the mortgage debt.

Other persons were made defendants to answer as to their supposed interest in the mortgaged lands.

Elizabeth Parker answered, that when she executed the mortgage, she was the wife of her co-defendant William O. Parker, as she still continued to be; that the indebtedness which the mortgage was given to secure was the debt of her said husband alone, and that she only signed the mortgage at his request and for his accommodation; that, at the time of the execution of the mortgage, her said husband's separate interest in the lands was worth three thousand dollars, and was still worth more than enough to pay the mortgage debt and satisfy the Barnes judgment. Wherefore she was entitled to hold her interest in the lands free and discharged from the mortgage.

All the other defendants made default.

The plaintiff demurred to the answer of Elizabeth Parker as above, but her demurrer was overruled, when a reply in denial was filed.

Upon the trial, the evidence substantially sustained the allegations both of the complaint and of the answer, and the court found that there was due to the plaintiff, upon the note in suit, the sum of $622.00, and rendered judgment against William O. Parker for that amount, and also entered a decree of foreclosure upon the mortgage.

The plaintiff thereupon moved the court for an order directing that the interest of the said Elizabeth Parker, in the mortgaged lands so set off to her as above stated, should be first sold to satisfy the mortgage debt, but that motion was overruled, and instead thereof the court ordered and directed that the estate of the plaintiff in said lands be first sold to pay said debt, and that the interest of the said Elizabeth should not be sold unless the estate of the plaintiff should prove to be insufficient for that purpose.

The plaintiff has appealed and assigned error upon the overruling of the demurrer to the answer, and upon the refusal of the court to order the interest of the said Elizabeth to be first sold, as above set forth.

Ordinarily, upon the foreclosure of a mortgage on real estate, against a husband and wife, for the debt of the husband, the interests and estates of both in the land are ordered to be sold to pay the mortgage debt, without requiring the estate of the husband to be first exhausted, but when the interests of the husband and wife have been severed after the execution of the mortgage, a different practice is clearly contemplated.

Where a husband and his wife execute a mortgage on land for his separate debt, and he dies without satisfying the mortgage, the widow is entitled to have the mortgage paid out of the general assets of his estate, for the protection of her interest in the mortgaged lands. *Perry* v. *Borton*, 25 Ind. 274; *Newcomer* v. *Wallace*, 30 Ind. 216; *Hunsucker* v. *Smith*, 49 Ind. 114.

We think, that, so far as it can be made applicable, the

same rule ought to be applied to cases like this, where the interests of the mortgagor and his wife have been severed under the provisions of the act of March 11th, 1875, having relation to certain inchoate interests of married women, and that, acting in analogy with that rule, the court below did right, both in overruling the demurrer to the answer of the defendant Elizabeth Parker, and in ordering that the estate of the plaintiff in the mortgaged lands should be first sold to pay the mortgage debt. The case of *Houston* v. *Houston*, 67 Ind. 276, has been cited and relied on by the appellant, but we are unable to see that the ruling of the court below, complained of, was in any respect in conflict with that case.

The judgment is affirmed, at the costs of the appellant.