No. 14,184.

## BOWEN v. LINGLE ET AL.

WIDOW.—*Rights in Husband's Real Estate.—Land Held by Contract.*—Where a husband has made a contract for land, but dies leaving a part of the consideration unpaid, his widow is entitled to her statutory interest therein if the land not set off to her is sufficient to pay the unpaid purchase-money.

SAME.—*Liens.—Payment of.—Rights of Widow.*—Upon the death of a husband an equity intervenes in favor of his widow to have all the personal property of her deceased husband, and the proceeds of all his real estate to which she is not entitled under the law, applied to the payment of the liens on the land of which he died seized.

SAME.—*Mortgage.— Vendor's Lien.— When Widow Holds her Interest Freed.*— A mortgage which a wife joins her husband in executing upon his land, to secure his debt, in no manner affects her rights in other lands belonging to her husband; and if the latter dies holding land for which he has contracted but not paid, and a portion of which his wife has joined him in mortgaging to a third person, and the widow, by proper proceedings, has her interest set off to her from the portion of the land not mortgaged, the mortgagee can not, as against the widow, compel the person holding the purchase-money lien to resort to the land set off to her before selling the land covered by the mortgage, and if the land not set off to her is sufficient to pay the vendor's lien, she holds free from the liens of both vendor and mortgagee.

From the Tippecanoe Circuit Court.

*R. P. Davidson, J. C. Davidson, J. R. Coffroth* and *T. A. Stuart,* for appellant.

*R. Jones* and *J. W. Wilstach,* for appellees.

COFFEY, J.—William S. Lingle, of Tippecanoe county, died intestate, on the 2d day of September, 1884, leaving as his widow Frances E. Lingle. At the time of his death he was the owner and in the possession of eighteen hundred and eighty-three acres of land in this State, which he held under a written contract with the appellee White, for the purchase of the same. Said White holds a purchase-money lien on all of said land, amounting to seventeen

thousand five hundred and eighty-seven dollars and fifty cents. After said contract of purchase, to wit, on the 11th day of December, 1877, said William S. Lingle and his wife, the appellee Frances E. Lingle, executed a mortgage on 943 acres of said land to the appellant, Abner H. Bowen, to secure a loan to the said William S. Lingle, upon which there is now due the sum of $21,411. In a partition suit brought by the said Frances E. Lingle in the Benton Circuit Court, in the year 1886, against the heirs, to which neither the said White nor the appellant Bowen was a party, she had set off to her, as the widow of the said William S. Lingle, one-fifth of said land, as against creditors. The land so set off to her does not include any of the lands mortgaged to the appellant, Bowen, but is subject to the purchase-money lien of the said White. The land remaining, after setting off to the appellee Frances E. Lingle her one-fifth, as widow, is sufficient to pay the purchase-money lien of the said White, but is not sufficient to pay said purchase-money lien and the mortgage debt of the appellant.

The controversy between the appellant, Bowen, and the appellee Frances E. Lingle is this: Can the said Bowen, in equity, require said White to first exhaust the land not covered by appellant's mortgage before resorting to the lands included in it, or whether the said Frances E., as the widow, is entitled to have the land set off to her protected and preserved intact, in case the other lands will pay and discharge the debt of the said White, although not paying the said Bowen.

It is contended by the appellant that as the land in controversy was land which William S. Lingle held under a contract, the full purchase-price of which had not been paid, the appellee was not entitled to any part of the land itself, as the widow, but that she could only take an interest in the money remaining after sale to pay the vendor's lien.

By section 2483, R. S. 1881, the wife, upon the death of

the husband, takes one-third of his land, in fee, against the heirs, and also against creditors, unless it exceeds ten thousand dollars in value.

Under section 2491, she is entitled, with the exception above stated, to one-third of all the land of which the husband was seized in fee during the marital relation, in the conveyance of which she has not joined in due form of law, and also of all lands in which her husband had an equitable interest at the time of his death.

Section 2493 is as follows: " If the husband shall have made a contract for lands, and, at the time of his decease, the consideration in whole or in part shall not have been paid, but after his death the same shall be paid out of the proceeds of his estate, his widow shall have one-third of said lands in the same manner as if the legal estate had vested in the husband during coverture."

Under the facts as above set out, we think that the appellee Frances E. Lingle, as the widow of William S. Lingle, was entitled to an interest in the lands purchased from White. It is true that the purchase-price has not yet been paid in full, but it is shown that the land not set off to her is sufficient to pay it, and we know of no rule of law which would keep her from the use of her interest in the land until by the slow process of law the debt due for the price of the land had been actually paid.

The most difficult question in the case arises out of the equities between the appellant and the appellee Frances E. Lingle, growing out of the execution of the mortgage to the appellant. If William S. Lingle were living, it can not be doubted that the appellant, as against him and White, could compel White to exhaust the property not covered by his mortgage before resorting to any portion of that land. *Day* v. *Patterson*, 18 Ind. 114 ; *Cissna* v. *Haines*, 18 Ind. 496 ; *Aiken* v. *Bruen*, 21 Ind. 137 ; *Alsop* v. *Hutchings*, 25 Ind. 347 ; *Williams* v. *Perry*, 20 Ind. 437 ; *McCullum* v. *Turpie*, 32 Ind. 146 ; *McShirley* v. *Birt*, 44 Ind. 382 ; *Houston* v.

*Houston,* 67 Ind. 276 ; *Hahn* v. *Behrman,* 73 Ind. 120 ; *Sidener* v. *White,* 46 Ind. 588 ; 2 Jones Mort. (3d ed.), sections 1620 to 1622 ; *Edwards* v. *Applegate,* 70 Ind. 325 ; *Russell* v. *Houston,* 5 Ind. 180 ; *Plain* v. *Roth,* 107 Ill. 588.

It must be conceded, however, that the widow has many rights not possessed by the husband. It is the policy of the law to so administer the estate of the deceased, if it can be done, as to secure to the widow her interest in the husband's lands. To this end it is the duty of the administrator to apply all the personal assets in his hands, if necessary, to pay liens on the land, even to the exclusion of all general creditors; not only is this his duty, but he is likewise bound to apply the proceeds of the sale of two-thirds of the deceased husband's land, if necessary, to that purpose. *Hunsucker* v. *Smith,* 49 Ind. 114 ; *Morgan* v. *Sackett,* 57 Ind. 580 ; *Sparrow* v. *Kelso,* 92 Ind. 514.

It is the right of the widow, at any time when the administrator fails to perform this duty imposed upon him by law, to compel, by proper appeal to the courts, such performance. It will thus be seen that upon the death of William S. Lingle an equity intervened in favor of the appellee to have all the personal property, and the proceeds of all of his real estate to which she was not entitled under the law, applied to the payment of the liens on the land of which he died seized. The question now is, who has the superior equity ?

Had the appellee not signed the mortgage which the appellant holds, we do not think it would be contended by him that as against her he could compel White to exhaust the land to which she is entitled under the law before resorting to the land covered by his mortgage. It becomes important, therefore, to ascertain what effect the execution of said mortgage has upon her rights in the lands of her late husband.

In the case of *Trentman* v. *Eldridge,* 98 Ind. 525, this court, by ELLIOTT, J., in speaking of the effect of a mortgage executed by a wife in connection with her husband upon his land, to secure his individual debt, says : "It did

not impose a personal liability upon her, nor did it extend to any other rights than such as she held as the wife of the principal debtor. The promise in the mortgage * * * made it effective so far as a right to a foreclosure is concerned, but, as it was an executory contract, it created no personal liability against her. * * As the promise contained in the mortgage did not bind Mrs. Eldridge, and as her conveyance, by way of mortgage, operated only upon her interest in the character of wife of the principal debtor in the particular land described, she does not occupy the position of a debtor endeavoring to defeat the foreclosure of a mortgage executed to a creditor."

If this statement of the law is correct, and that it is we have no doubt, it follows that the only effect of the mortgage executed by the appellee, in connection with her husband, to the appellant, so far as her rights are involved, was to bind the land therein described, and that it in no manner affects her rights in other land. The lands set off to appellee by the circuit court of Benton county, therefore, as they are not covered by the appellant's mortgage, are in no way affected thereby. When the appellant took his mortgage he was chargeable with knowledge of the law, which required the administrator to pay off the liens against the land in such a manner as to save to the widow her interest therein, and that such right entered into and constituted a part of his contract with William S. Lingle. He was bound to know, also, that in the event Lingle should die before his mortgage debt was paid, his widow could compel White to exhaust all the other lands before resorting to that which descended to her. In our opinion the appellant has no right to compel White to resort to the land set off to the appellee before the sale of the lands covered by his mortgage. If the other lands are sufficient to pay the vendor's lien held by White, we think the appellee is entitled to hold the land set off to her, as widow, free from the liens of both White and the appellant. This being the conclusion at which the cir-

cuit court arrived, it follows that there is no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed March 13, 1889; petition for a rehearing overruled June 28, 1889.