Shobe, Administrator, *v.* Brinson *et al.*

---

SHOBE, ADMINISTRATOR, *v.* BRINSON ET AL.

[No. 18,098.   Filed September 14, 1897.]

DESCENT AND DISTRIBUTION.—*Widow's Share of Real Estate.—Mortgage.*—Where a widow's interest in the real estate of her deceased husband is sold and conveyed to pay her husband's debts secured by a mortgage thereon, she is entitled to be reimbursed for the full

value of her share therein out of other assets of the estate, real or personal, if any, and such claim is preferred and must be paid before the claims of general creditors.   *pp. 288–292.* ·

EXECUTORS AND ADMINISTRATORS.—*Modification of Judgment.*—*Practice.*—An administrator cannot object to the judgment entered in favor of the widow upon her cross-complaint in a proceeding instituted by the administrator to sell the real estate to pay the debts of the decedent, where the modification proposed does not affect the finding of the court that the land was not subject to sale by him.   *p. 293.*

From the Montgomery Circuit Court.  *Affirmed.*

*W. D. Jones, Benjamin Crane,* and *A. B. Anderson,* for appellant.

*G. W. Paul, H. D. Van Cleave* and *J. M. Davis,* for appellees.

MONKS, J.—This proceeding was commenced by appellant filing a petition to sell certain real estate, to make assets to pay the debts of the decedent, Amey R. Brinson.   Martha J. Brinson, the widow of said decedent, filed her cross-complaint, alleging, in substance, that "Amey R. Brinson died intestate in said county of Montgomery, on June 4, 1894, leaving as his sole and only heirs at law his widow, Martha J. Brinson, and four infant children; that appellant was duly appointed administrator of the estate of said decedent, who died seized in fee simple of two tracts of real estate, one of 80 acres and the other of 53.55 acres; that the 80-acre tract was subject to a mortgage executed by Amey R. Brinson and his wife, Martha J. Brinson, in July, 1893, to secure a promissory note given by said Brinson, now deceased, for $3,500.00, the balance of the purchase money for said 80-acre tract; that said mortgage and current taxes, amounting to about $50.00, were the only liens on said real estate; that the decedent also died the owner of personal

property of the value of about $567.00; that appellant, as administrator of the estate of said decedent, obtained an order of the Montgomery Circuit Court, to sell said 80-acre tract to pay said mortgage lien on said real estate, and sold the same for $585.75 in excess of said lien; that by the sale of said 80-acre tract of land said mortgage debt has been fully paid and discharged, and she has lost her interest therein as widow, which she alleges to be of the value of $1,500.00, and that she held said one-third interest in said 80 acres of land against all persons except said mortgagee; that appellant has paid her the $500.00 due her as widow, under the statute; that there is now due the general creditors of the estate, debts aggregating about $2,000.00, in addition to her vested interest in said estate as widow of said decedent; that since the sale of said 80-acre tract, she brought an action in the Montgomery Circuit Court, to which appellant was a party, and by the order and judgment of said court her undivided one-third of said 53.55-acre tract of land was set off to her in severalty; that the part so set off contains 17.50 acres, and that the real estate described in appellant's petition, which he seeks to procure an order to sell, is the part of said 53.55 acres remaining after the one-third in value thereof was set off to her; that said 53.55 acres of real estate was at said time, and is now, of the value of $2,100.00, and the part (17.50 acres) set off to her was and is worth $700.00, and the remainder of said 53.55-acre tract, being 36.05 acres, which appellant is asking an order to sell, was and is worth $1,400.00, and no more; that said appellee is, in equity, the owner of said 36.05 acres, and is entitled to have the same set off to her as against the heirs and all creditors, in lieu of her one-third vested interest in said 80-acre tract sold by said appellant, or if said real estate be sold in this pro-

ceeding, that she is entitled to have an order requiring appellant to pay her the proceeds of said sale and a sufficient sum out of other money in his hands to make $1,500.00."

Appellant's demurrer to the cross-complaint was overruled. There was a trial by the court and a finding and judgment in favor of said appellee on her cross-complaint, that said part of the 53.55 tract not set off to her in the partition proceedings be vested in her, and that the administrator pay her the sum of $100.00, and that she recover her costs, etc. Appellant filed a motion to modify the judgment, which was overruled.

The errors assigned call in question the action of the court in overruling the demurrer to the cross-complaint, and in overruling the motion to modify the judgment.

Under the statutes of this State the right of a widow to one-third of the real estate of her deceased husband is absolute, and she is entitled to the same free from all demands of creditors, except mortgages, in the execution of which she has joined. The waiver of such a right as to the real estate upon which she may have joined with her husband in executing a mortgage operates only in favor of the mortgagee, and not in favor of other creditors or liens. *Sparrow* v. *Kelso*, 92 Ind. 514, and cases cited; *Hunsucker* v. *Smith*, 49 Ind. 114, 118; *Perry* v. *Borton*, 25 Ind. 274. To protect the widow in this right she is entitled to have the personal assets, not required for the payment of claims expressly preferred by statute, applied to the payment of mortgage or other liens necessary to protect her one-third of the real estate, and clear the same of incumbrances. If such assets are not sufficient to protect her said one-third interest, she is entitled to have all the real estate of her deceased husband, that did

not descend to her as widow, sold and the proceeds applied to payment of liens on real estate so as to protect the interest given her by statute. *Bowen* v. *Lingle,* 119 Ind. 560, 563; *Sparrow* v. *Kelso, supra; State, ex rel.,* v. *Kelso,* 94 Ind. 587, 589, and cases cited; *Hunsucker* v. *Smith, supra; Morgan* v. *Sackett,* 57 Ind. 580, 582, 583; *McCord* v. *Wright,* 97 Ind. 34; *Matthews* v. *Pate,* 93 Ind. 443, 445, 446; *Elliott* v. *Cale,* 113 Ind. 383, 404; *Purviance,* v. *Emley,* 126 Ind. 419, 421, 422.

In *Sparrow* v. *Kelso, supra,* Elliott, Judge, speaking for the court, said: "In *Perry* v. *Borton,* 25 Ind. 274, it was held that the widow's rights are paramount, and that the administrator must apply all money, not required for the payment of claims expressly preferred by statute, to the payment of mortgage liens, in order that the widow may receive her one-third of the real estate free from incumbrance. According to the doctrine of that case, neither the heirs nor the general creditors possess any claim which will be allowed to redûce the widow's interest. The same doctrine is asserted in *Hunsucker* v. *Smith,* 49 Ind. 114, where it was said: 'It is his duty as administrator of the estate, and she,' (the widow) 'has a right to require him, to make his claim out of other assets, personal and real, if he can do so after the payment of such expenses above named as have preference, and thereby save to her the third of the land to which she would be entitled except for the mortgage.' The case of *State, ex rel.,* v. *Mason,* 21 Ind. 171; *Clarke* v. *Henshaw,* 30 Ind. 144; *Newcomer* v. *Wallace,* 30 Ind. 216, are referred to as declaring the same general principle. It must, therefore, be held that it is the duty of an administrator to apply all money, not needed to pay claims expressly preferred by statute, to the payment of liens on real estate so as to secure to the widow one-third of the real

estate given her by our statute. There are other cases sustaining the principle which we declare to have a firm place in our law of property. *Morgan* v. *Sackett*, 57 Ind. 580; *Medsker* v. *Parker*, 70 Ind. 509; *Haggerty* v. *Byrne*, 75 Ind. 499; *Leary* v. *Shaffer*, 79 Ind. 567. The conclusion from the general principle we have stated necessarily is, that a widow has a right to require the administrator of her husband's estate to take all steps required by law to secure her interest in her share of her husband's estate."

When the real estate of the decedent, including the widow's interest therein, is sold by the administrator to discharge a lien thereon, the widow is entitled, not to one-third of the proceeds remaining after the payment of such lien, but to one-third of the gross proceeds of the sale, provided that sum remains after the lien is paid. Section 2504, Burns' R. S. 1894 (2349, R. S. 1881).

It was held by this court in *McCord* v. *Wright, supra*, that when a widow's interest in the land of her deceased husband is sold to pay her husband's debts secured by a mortgage thereon, she has an equitable claim against her husband's estate to be reimbursed, out of the personal estate in the hands of the administrator, for the full value of her share of said lands so sold and conveyed away from her, and that such claim takes precedence and is entitled to be paid before the claims of general creditors. This decision was the necessary and logical result of the cases cited, which declare that the widow is entitled to have the personal assets and the proceeds of the sale of all the real estate of her deceased husband that did not descend to her, not required for the payment of claims expressly preferred by statute, applied to protect her interest in the real estate of her deceased husband. That is, she has an equitable claim to be reimbursed out of

the fund which the law required the administrator to apply to the protection of her interest as widow in the real estate of her deceased husband, which he failed to do, by reason of which failure the same, or a part thereof was lost to her.  The doctrine declared in *McCord* v. *Wright, supra,* applies, therefore, to a case where the fund, out of which the widow seeks to be reimbursed, is derived from the sale of real estate, the same as if the fund was the proceeds of the personal estate.  This doctrine does not conflict with what was said by this court in *Fowler* v. *Maus,* 141 Ind., on p. 51, because the court was then speaking of the rights of the widow in the real estate of her deceased husband, as against the holders of mortgages and other liens which bound said real estate, including her interest therein as widow, and not such right as against all other persons.  It may be regarded as settled law that, if a widow's interest in the real estate of her deceased husband is sold and conveyed to pay her husband's debts, secured by mortgage thereon, she is entitled to be reimbursed for the full value of her share therein out of other assets of said estate, real and personal, if any, and such claim is preferred and must be paid before the claims of general creditors. *McCord* v. *Wright, supra; State, ex rel.,* v. *Kelso, supra,* p. 589; *Elliott* v. *Cale, supra,* p. 404.

It was said in *McCord* v. *Wright, supra,* at p. 39: "The claim is founded on rules, both of law and equity, higher and more favored even than the doctrine of subrogation. This court has always held that the provision for the widow in the lands of her deceased husband, under our statute of descent, is a substitute for dower under the common law, and is to be equally as favored and protected by the courts as her former right of dower." It follows, that if a man die the owner of several tracts of real estate, leaving a widow, or a widow

and children surviving him, and a part of said real estate is subject to a mortgage executed by him in his lifetime, in the execution of which his wife joined, that one-third of all his real estate may be set off to her in one body, and if set off in the part covered by the mortgage, it is the duty of the administrator to apply the personal estate in the order prescribed by statute to pay said mortgage debt, and if the same is insufficient for that purpose, to sell so much of the real estate, not set off to the widow, as is necessary to pay the balance, and thus carry out the directions of the statute, that she is to have one-third of all the real estate of which her husband died seized. The only exception to this rule is that when the real estate exceeds in value ten thousand dollars, the widow is only entitled to one-fourth, and when the real estate exceeds in value twenty thousand dollars she is only entitled to one-fifth as against creditors. Sections 2502, 2640, Burns' R. S. 1894 (2347, 2475, R. S. 1881).

It follows that said appellee, after the 80-acre tract was sold to pay said mortgage lien, was entitled to have all or so much of the 53.55-acre tract set off to her as was equal in value to one-third the value of both tracts, less whatever sum, if any, she may have received from the gross proceeds of the sale of the 80-acre tract. It is alleged in her cross-complaint that only her one-third interest in the 53.55-acre tract was set off to her in the partition proceedings. The necessary conclusion is, that if the part of the 53.55-acre tract not set off to said appellee is sold by the administrator, that she is entitled to be reimbursed out of the proceeds of the sale, for such part of the value of her one-third of the 80-acre tract, as has not been already paid to her out of the proceeds of the sale thereof or out of the proceeds of the personal estate. It is clear that said appellee was entitled to some relief under

her cross-complaint, and the court did not err therefore in overruling the demurrer thereto.

Appellant's motion to modify the judgment is by striking out all that part of the judgment vesting the real estate in said appellee, and quieting the title thereto in her, and also that part ordering him to pay said appellee the sum of one hundred dollars, "for the purpose of reimbursing her for the difference between the value of the land vested in her by decree, and the value of her one-third interest as widow in the 80 acres of land heretofore sold," etc. The part of the motion to strike out that part of the judgment ordering appellant to pay said appellee $100.00, was properly overruled because it was within the issues and was supported by the finding. The court below found against appellant and in favor of the defendants, on his petition to sell the real estate. If he had no right to sell the real estate, as found by the court, he had no interest in any judgment in regard to the same. If the same was not subject to sale, by appellant as adminstrator, as found by the court, which is admitted for the purpose of the motion to modify, the children of the deceased were the only persons who could object to the judgment vesting and quieting the title thereto in the widow. They have not filed any motion to modify the judgment or excepted or objected to it in any way, and we need not and do not determine whether such part of the motion if made by them would be sustained or overruled.

The court did not err therefore in overruling appellant's motion to modify the judgment.

No available error appearing in the record the judgment is affirmed and the costs adjudged against the intervener, Hector S. Braden.